CITY OF NEW ORLEANS *v.* J. N. LEA.

| 14 | 197 |
| 51 | 294 |

The Article of the Constitution which declares that the Judges both of the Supreme and inferior courts shall at stated times receive a salary which shall not be diminished during their continuance in office, exempts the salary of a Judge from taxation.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Laville & Morel*, for plaintiff. Defendant in p. p., appellant.

COLE, J. The question in this case is, whether the city of New Orleans has the right, under the Constitution, to tax the salary of a Justice of the Supreme Court of the State.

There was judgment for plaintiff, and defendant has appealed.

The first Article of the Constitution of 1852 provides, " That the powers of the government of the State of Louisiana shall be divided into three distinct de-

NEW ORLEANS.
*v.*
LEA.

partments, and each of them be confided to a separate body of magistracy, to-wit : those which are legislative to one ; those which are executive to another ; and those which are judicial to another."

If the right to tax the salary of Judges be conceded, there would be no limitation but the discretion of the Legislature, to do it to such an extent as virtually to abolish the means of conducting the judicial department.

Its existence ought not to depend upon the will of a coordinate department.

Art. 75 of the Constitution of Louisiana is in these words : " The Judges both of the Supreme and inferior courts shall at stated times receive a salary which shall not be diminished during their continuance in office."

It may be, that the restriction in this Article upon the power of the Legislature refers principally to the diminution of the salaries of the Judges by a law fixing it at a less amount than that established at the epoch of their entrance into office.

The object, however, of this Article was to secure the independence of the judiciary. If the Legislature can tax the salaries, it would be deprived of its plenary effect.

In *McCulloch* v. *The State of Maryland et al.* the question arose whether the law of Maryland was constitutional which imposed a tax on the operations of a branch of the Bank of the United States, established in the city of Baltimore, in the State of Maryland.

The Supreme Court of the United States were of opinion that the tax was unconstitutional, because it was a tax on the operation of an instrument employed by the Government of the Union to carry its powers into execution.

Chief Justice Marshall gave the opinion of the court, in which he declares, that the power to tax involves the power to destroy ; that the power to destroy may defeat and render useless the power to create.

It is true that this case was a contest as to the supremacy of a law of the United States, made in pursuance of the Constitution of the United States, over the legislation of a State ; but there is much in the argument of the court which applies to the case at bar.

The doctrine in the case of *McCullogh* was affirmed and reiterated in *Osborn* v. *The Bank of the United States*, 9th Wheaton, p. 738.

If the Legislature have not the direct power of taxing the salaries of the judiciary, they cannot confer such authority upon the city of New Orleans.

It may not be improper to remark that the four Judges who decide this cause have their respective domicils out of the city of New Orleans, and are not, therefore, interested in the question as to the right of the city to tax the salaries of Judges.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that there be judgment in favor of defendant against the demand of plaintiff, and that the latter pay the costs of both courts.

BUCHANAN, J., recused himself.