BOOTH _v._ UNITED STATES.*

No. 656.   Argued January 17, 1934.—Decided February 5, 1934.

_Messrs. William D. Mitchell_ and _John S. Flannery,_ with whom _Mr. Carl Taylor_ was on the brief, for petitioners.

* Together with No. 657, _Amidon_ v. _United States,_ certificate from the Court of Claims.

340

*Solicitor General Biggs,* with whom *Assistant Attorney General Wideman* and *Messrs. H. Brian Holland* and *Paul A. Sweeney* were on the brief, for the United States.

344

Mʀ. Justice Roberts delivered the opinion of the Court.

The Court of Claims has certified two questions:

" 1. Does a United States District or Circuit Judge who, having served continuously for ten years and attained the age of seventy years, does not resign but retires under the provisions of section 260 of the Judicial Code, as amended, continue in office within the meaning of section 1 of article III of the Constitution which forbids diminution of the compensation of Judges during their continuance in office?

" 2. Where the salary of a United States District or Circuit Judge is increased by law after his appointment and he has subsequently retired in full compliance with the provisions of section 260 of the Judicial Code, as amended; is a reduction of his compensation as a retired Judge to an amount not below that fixed by law as his salary at the time of his appointment a diminution of his compensation within the meaning of section 1 of article III of the Constitution? "

We are informed by the certificate in No. 656 that Wilbur F. Booth was appointed United States Circuit Judge for the Eighth Judicial Circuit on March 18, 1925, and qualified March 27, 1925. For many years prior to and up to the time of this appointment he had held the office of judge of the United States District Court for the District of Minnesota, and on November 28, 1931, he had served continuously as District or Circuit Judge for more than seventeen years. January 1, 1932, having attained the age of seventy, he retired, pursuant to the provisions of § 260 of the Judicial Code as amended. Since his retirement he has continued to perform the duties of a

retired United States Circuit Judge in the manner provided by law, and has participated in the hearing and decision of many cases pending in the Circuit Court of Appeals for the Eighth Circuit.

At the time of Judge Booth's appointment as Circuit Judge the annual compensation was fixed by law at $8,500 per annum. It was subsequently increased to $12,500 per annum, at which figure it stood when he retired. By § 13 of the Independent Offices Appropriation Act of June 16, 1933 [c. 101, 48 Stat. 283, 307] it was provided:

"For the period of the fiscal year ending June 30, 1933, remaining after the date of the enactment of this Act, and during the fiscal year ending June 30, 1934, the retired pay of judges (whose compensation, prior to retirement or resignation, could not, under the Constitution, have been diminished) is reduced by 15 per centum."

By reason of this Act the plaintiff was paid during the period from June 15, 1933, to October 1, 1933, at the rate of $10,625 per annum. The amount withheld from him during that period was $697.93. He duly protested against the reduction, and brought suit in the Court of Claims, asserting that the Act violates the provision of the Constitution which forbids diminution of the compensation of federal judges during their continuance in office. The Government demurred to the petition.

The relevant facts certified in No. 657 are that Charles F. Amidon was appointed Judge of the United States District Court for the District of North Dakota on February 18, 1897, and qualified on February 27, 1897. From the date last mentioned to June 2, 1928, he served continuously in that capacity. Having attained the age of seventy years he retired June 2, 1928, pursuant to § 260 of the Judicial Code as amended, and has ever since continued to perform the duties of a retired United States District Judge in the manner required by law, and has, as conditions permitted and the business of the

court demanded, performed judicial acts as such retired judge.

At the date of his appointment the salary of the office was fixed by law at the rate of $5,000 per annum. It has been increased from time to time and at the date of plaintiff's retirement was at the rate of $10,000 per annum. Pursuant to § 13 of the Independent Offices Appropriation Act, *supra,* he received, during the period from June 15, 1933, to October 31, 1933, compensation at the rate of $8,500 per annum. He protested against the reduction and brought suit in the Court of Claims to recover the sum of $558.34, the amount withheld during the period mentioned. The Government demurred to the petition.

The pertinent portion of § 1 of Article III of the Constitution is:

" The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

1. The first question asks, in effect, whether a United States Judge, upon retirement, relinquishes or retains his office. The answer is to be found in the Act of Congress authorizing retirement.[1] That Act provides for resigna-

---

[1] Judicial Code, § 260, as amended by the Act of February 25, 1919, c. 29, § 6, 40 Stat. 1157, U.S.C. Title 28, § 375; and the Act of March 1, 1929, c. 419, 45 Stat. 1422:

" When any judge of any court of the United States, appointed to hold his office during good behavior, resigns his office after having held a commission or commissions as judge of any such court or courts at least ten years, continuously [or otherwise], and having attained the age of seventy years, he shall, during the residue of his natural life, receive the salary which is payable at the time of his resignation for the office that he held at the time of his resignation. But, instead of resigning, any judge other than a justice of the Supreme Court, who is qualified to resign under the foregoing provisions, may retire, upon

tion and for retirement. In referring to the former it uses the expression "When any judge . . . resigns his office . . .," and provides for continuance of compensation after resignation. In contrast it declares, "But,

the salary of which he is then in receipt, from regular active service on the bench, and the President shall thereupon be authorized to appoint a successor; but a judge so retiring may nevertheless be called upon by the senior circuit judge of that circuit and be by him authorized to perform such judicial duties in such circuit as such retired judge may be willing to undertake, or he may be called upon by the Chief Justice and be by him authorized to perform such judicial duties in any other circuit as such retired judge may be willing to undertake or he may be called upon either by the presiding judge or senior judge of any other such court and be by him authorized to perform such judicial duties in such court as such retired judge may be willing to undertake.

".In the event any circuit judge, or district judge, having so held a commission or commissions at least ten years, continuously [or otherwise], and having attained the age of seventy years as aforesaid, shall nevertheless remain in office, and not resign or retire as aforesaid, the President, if he finds any such judge is unable to discharge efficiently all the duties of his office by reason of mental or physical disability of permanent character, may, when necessary for the efficient dispatch of business, appoint, by and with the advice and consent of the Senate, an additional circuit judge of the circuit or district judge of the district to which such disabled judge belongs. And the judge so retiring voluntarily, or whose mental or physical condition caused the President to appoint an additional judge, shall be held and treated as if junior in commission to the remaining judges of said court, who shall, in the order of the seniority of their respective commissions, exercise such powers and perform such duties as by law may be incident to seniority. In districts where there may be more than one district judge, if the judges or a majority of them can not agree upon the appointment of officials of the court, to be appointed by such judges, then the senior judge shall have the power to make such appointments.

" Upon the death, resignation, or retirement of any circuit or district judge, so entitled to resign, following the appointment of any additional judge as provided in this section, the vacancy caused by such death, resignation, or retirement of the said judge so entitled to resign shall not be filled." The words enclosed in brackets were added by the Act of March 1, 1929.

instead of resigning, any judge . . . who is qualified to resign under the foregoing provisions, may retire, upon the salary of which he is then in receipt, from regular active service on the bench, . . ." not, be it noted, from office. The retiring judge may be called upon by the senior circuit judge to perform judicial duties in his own circuit or by the Chief Justice to perform them in another circuit, and be authorized to perform such as he may be willing to undertake. There is provision for appointment by the President of an additional judge for the circuit or district court where a sitting judge is found unable efficiently to discharge all his duties by reason of mental or physical infirmity of a permanent character. In that case the sitting judge unquestionably retains his office; and it is significant that the act declares either a retired judge, or one whose mental or physical condition has caused the President to appoint an additional judge, shall be treated as junior to the remaining judges of the court.

By retiring pursuant to the statute a judge does not relinquish his office. The language is that he may retire from regular active service. The purpose is, however, that he shall continue, so far as his age and his health permit, to perform judicial service, and it is common knowledge that retired judges have, in fact, discharged a large measure of the duties which would be incumbent on them, if still in regular active service. It is scarcely necessary to say that a retired judge's judicial acts would be illegal unless he who performed them held the office of judge. It is a contradiction in terms to assert that one who has retired in accordance with the statute may continue to function as a federal judge and yet not hold the office of a judge. The Act does not and, indeed, could not, endue him with a new office, different from, but embracing the duties of the office of judge. He does not

surrender his commission, but continues to act under it. He loses his seniority in office, but that fact, in itself, attests that he remains in office. A retired District Judge need not be assigned to sit in his own district. *Maxwell* v. *United States*, 3 F. (2d) 906; affirmed 271 U.S. 647. And if a retired judge is called upon by the Chief Justice or a Senior Circuit Judge to sit in another district or circuit, and he responds and serves there, his status is the same as that of any active judge, so called. *McDonough* v. *United States*, 1 F. (2d) 147. It is impossible that this should be true, and that at the same time the judge should hold no office under the United States.

The Government argues that the holding of an office involves the performance of duties, and since no duties are obligatory on one who has retired under the Act, he cannot be said to hold any office. But Congress may lighten judicial duties, though it is without power to abolish the office or to diminish the compensation appertaining to it. This was the evident purpose; and the statements made by the member in charge of the bill on the floor of the House show that it was expected, as has proved to be the case, that retired judges would render valuable judicial service. Cong. Rec. 65th Cong. 3d Sess. Vol. 57, Part 1, pp. 368–369. It is too late to contend that services so performed were extra-legal and unconstitutional.

Some reference is made to the fact that under the Act a successor to the retiring judge is to be appointed, and it is claimed the direction is inconsistent with his retention of office. The phraseology may not be well chosen, but it cannot be construed to vacate the office of the retiring judge, in the light of the evident purpose that he shall continue to hold office and perform official duties.

2. Does the Constitution prohibit reduction of the compensation which was fixed by law at the time of appointment or that to which the judge was entitled at the date of retirement?

In other words, is a diminution after an increase banned, if the compensation notwithstanding the reduction remains in excess of that payable when the incumbent took office? The answer must be in the affirmative. Several courts, in well-considered decisions, have so interpreted analogous provisions of state constitutions (*Commonwealth ex rel. Hepburn* v. *Mann,* 5 Watts & S. (Pa.) 403; *New Orleans* v. *Lea,* 14 La. Ann. 197; *Long* v. *Watts,* 183 N.C. 99; 110 S.E. 765), and the Solicitor General with commendable candor admits that a contrary construction would be subversive of the purpose of § 1 of Article III.

*Question 1 Answered Yes.*
*Question 2 Answered Yes.*