### UNITED STATES v. MOORE.
### No. 38.

Circuit Court of Appeals, Second Circuit.
Jan. 16, 1939.

Maxwell Shapiro, of New York City, (Louis Kunen, of New York City, of counsel; Maxwell Shapiro and Leonard Franklin, both of New York City, on the brief), for appellant.

Lamar Hardy, U. S. Atty., of New York City (William Power Maloney and W. Mahlon Dickerson, both of New York City, Asst. U. S. Attys., of counsel), for the United States.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant was sentenced on July 9, 1935, in the District Court for the Southern District of New York to serve concurrently a sentence of imprisonment of two years on each of three counts of an indictment. Execution of sentence was then suspended and the appellant was placed on probation for the period of two years from the above date. On February 24, 1938, which was after the probation period had expired, but was within the maximum period for which the appellant might originally been sentenced, he was arrested and brought before the District Court on a warrant which charged that he had violated the terms and conditions of his probation. Thereupon he was given a hearing by the court at which evidence was introduced which amply supported the charge that he had violated the terms upon which the execution of his original sentence was suspended and upon which he had been placed on probation. The court found the violation established; revoked the probation; set aside the original sentence; and imposed a sentence which might originally have been imposed. The appellant has attacked (1) the jurisdiction of the District Court and (2) the power of the acting District Judge to perform the duties of a District Judge for the Southern District of New York.

The jurisdiction of the District Court flows from the provisions of 18 U.S.C.A. § 725 which provides in part that: "* * * At any time after the probation period, but within the maximum period for which the defendant might originally

have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

█ This statute gave the court the power to supervise the conduct of the probationer not only during the period of probation when he was bound to make such reports of his doings as might lawfully be required but afterwards up to the time when the maximum sentence which could have been imposed would have expired. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282. The practical difference between action taken on an alleged violation of probation during the probation period and action taken thereafter but within the allowed time is one of procedure. In the first situation the probationer may be brought into court either with or without the issuance of a warrant but in the second instance a warrant is required. Kaplan v. Hecht, 2 Cir., 24 F.2d 664. For the purpose of the supervisory control of a probationer by the court, the statute extends the period of permissive action beyond the period set for probation whenever that does not equal in length the maximum time for which sentence might have been imposed. Hollandsworth v. United States, 4 Cir., 34 F.2d 423; United States ex rel. Grossberg v. Mulligan, 2 Cir., 48 F.2d 93.

█ It is true that the term "suspension of execution of sentence" was not included in the statute which provides that "the court may revoke the probation or the suspension of sentence" but the statute covers both the situation where probation has been granted after sentence has been imposed and its execution suspended and that where it has been granted without the actual imposition of any sentence as where there has been a suspension of the sentence itself. Scalia v. United States, 1 Cir., 62 F.2d 220.

█ An incidental question has been raised as to the manner in which the hearing was conducted. The appellant requested further delay, though he had already had ample notice, on the ground of the inability to be then present of the particular attorney he had employed to represent him. The court, however, declined to grant an adjournment but did appoint an attorney who was present to represent the appellant and that attorney did so. This was a proper exercise of judicial discretion. The evidence of the violations of probation consisted of the testimony of the appellant given at three separate trials of a criminal action and the fact that he had committed perjury at the last one was found. No extension of time could conceivably have changed the effect of this evidence so conclusive in its nature and the record shows that the appellant was accorded fair and impartial treatment. That was all to which he was entitled. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.

The acting judge was Hon. Willis Van Devanter, retired Justice of the Supreme Court of the United States. He was sitting as a District Judge in the Southern District of New York, a judicial duty he was willing to undertake, by virtue of an authorization duly made by the Chief Justice of the United States under the provisions of 28 U.S.C.A. § 375a. It is contended that he lacked power to sit as a District Judge.

█ When a United States judge retires without resigning, he retains his office. Booth v. United States, 291 U.S. 339, 54 S.Ct. 379, 78 L.Ed. 836. The above mentioned statutes grants to a Justice of the Supreme Court who has reached the retirement age the same privilege before possessed by judges of the kind whose status, upon retirement, was considered in the case just mentioned.

█ The suggestion that if this is so the number of Justices of the Supreme Court has been increased by the statute is of no force and we do not now need to decide whether or not that is so. It is enough that it is clearly within the power of Congress to do that and the question here only goes to the intent of Congress in passing the above mentioned statute. That becomes plain upon a mere reading of it. It provides that: "Justices of the Supreme Court are hereby granted the same rights and privileges with regard to retiring, instead of resigning, granted to judges other than Justices of the Supreme Court by section 375 of this title, and the President shall be authorized to appoint a successor to any such Justice of the Supreme Court so retiring from regular active service on the bench, but such Justice of the Supreme Court so retired may nevertheless be called upon by the Chief Justice and be by him

authorized to perform such judicial duties, in any judicial circuit, including those of a circuit justice in such circuit, as such retired Justice may be willing to undertake. * * * 28 U.S.C.A. § 375a.

In former times Justices of the Supreme Court often presided over the trial courts of the United States. Their inherent power so to do has long been taken as a matter of course and, indeed, it cannot be doubted. The presiding judge at this hearing possessed all the judicial power in respect to the duties he had been authorized to undertake in accordance with the provisions of the above statute that he would have possessed had he not retired. He, therefore, was empowered to act as a District Judge for the Southern District of New York and this ground of appeal must be held not well taken.

Affirmed.