[No. 30918. Department One. July 14, 1949.]

THE STATE OF WASHINGTON, *on the Relation of New Washington Oyster Company, Inc., Plaintiff,* v. D. F. WRIGHT, *Respondent.*[1]

*Bell, McNeil & Bowles,* for relator.
*Hull & Armstrong,* for respondent.

PER CURIAM.—This is a companion proceeding to *State ex rel. New Washington Oyster Co., Inc., v. Meakim, ante* p. 131, 208 P. (2d) 628. By this proceeding, relator moved for an order directing the respondent, Honorable D. F. Wright, to show cause why a writ of prohibition should not issue, prohibiting respondent, formerly a judge of the superior court for Mason county, from hearing any matters in a proceeding pending before that court, entitled "NEW WASHINGTON OYSTER CO., INC., a corporation, plaintiff, v. CLEM SARGENT and JANE DOE SARGENT, his wife, defendants," being cause No. 5018 of the records of the superior court for Mason county.

An order to show cause was issued, directing the respondent to refrain from proceeding in the action referred to, pending the further order of this court, and to show cause, on a day certain, why a peremptory writ of prohibition should not be issued, restraining him from any further proceedings whatever in the action.

The respondent above named appeared in this court and moved to quash the order to show cause, for several reasons therein assigned, demurred to the petition, and made a formal return thereto.

This court, in the case of *State ex rel. New Washington Oyster Co., Inc. v. Meakim, supra,* having held that the order appointing Judge D. F. Wright (respondent in this proceeding) to act as judge of the superior court for Mason county, for the purpose of hearing certain proceedings in the case pending before that superior court, was entered without authority of law, and that the order is null and void, and all matters before us for decision in this proceeding having been finally determined in the companion proceeding, it is ordered that the above-entitled action be and the same is hereby dismissed, without costs to either party.

[1]Reported in 208 P. (2d) 634.