[No. 30910. Department One. July 14, 1949.]

THE STATE OF WASHINGTON, *on the Relation of New Washington Oyster Company, Inc., Plaintiff,* v. ROGER J. MEAKIM, *President-Judge, Superior Court Judges' Association, Respondent.*[1]

[1]Reported in 208 P. (2d) 628.

*Bell, McNeil & Bowles,* for relator.

*Hull & Armstrong,* for respondent.

BEALS, J.—This proceeding was instituted before this court under the title of "THE STATE OF WASHINGTON, on the Relation of New Washington Oyster Co., Inc., a corporation, plaintiff, v. ROGER J. MEAKIM, President-Judge, Superior Court Judges' Association, respondent, and CLEM SARGENT AND JANE DOE SARGENT, his wife, defendants."

By an application for a writ of certiorari, relator seeks review of an order entered by Judge Roger J. Meakim, as the president-judge of the association of superior court judges of the state of Washington, praying that the writ issue, and that the order referred to be vacated and set aside. Upon the filing of the petition, an order to show cause why the writ should not issue was entered. In response to this order, a return was filed herein by respondent, and the cause submitted for decision upon respondent's demurrer to the application for the writ for want of sufficient facts.

The order which relator attacks reads as follows:

"WHEREAS the Honorable D. F. Wright, Judge of the Superior Court of the State of Washington, retired from office under the provisions of the retirement of Judges act (Chapter 229 of Laws of 1937, as amended),

"AND WHEREAS said Judge at the time of his retirement had been elected for a term of office expiring in January, 1953,

"AND WHEREAS prior to the retirement of said Judge the within cause had been tried on the merits before him and upon conclusion of said trial the said Judge had rendered a memorandum decision in writing which has been filed in this cause but no formal judgment had been entered,

"AND WHEREAS there is now pending a motion by the plaintiff for a new trial and for a rehearing,

"AND WHEREAS the said D. F. Wright is physically able to hold court, and

"WHEREAS the undersigned is the President-Judge of the Association of Superior Court Judges of the State of Washington and it appears to him that it is necessary and proper that the said D. F. Wright should be required to hear the pending motion aforesaid in the above matter and to hear and consider such further matters during the term for which the said D. F. Wright has been elected as may arise in this cause,

"Now, THEREFORE, it is Ordered that the Honorable D. F. Wright, Judge of the Superior Court of the State of Washington, is directed and required to hold court at the Court House in Shelton, Mason County, Washington, in all matters in the above cause at such times as the matters shall be regularly noted to be heard before him during the remainder of the term for which he was elected at the time of his retirement pursuant to the retirement of Judges act of the State of Washington aforesaid."

This order bears the following stamp:

"RECEIVED AND FILED JAN. 25, 1949, HARRY DEYETTE, CLERK OF THE SUPERIOR COURT MASON COUNTY, WASH. By [signed] Harry Deyette."

It is admitted that the Honorable D. F. Wright, after serving for many years as a judge of the superior court of the state of Washington for the district composed of Thurston and Mason counties, was again re-elected to that office November 2, 1948, and that, after qualifying pursuant to that election, Judge Wright retired from office, in accordance with the provisions of Laws of 1937, chapter 229, p. 1172 (Rem. Rev. Stat. (Sup.), § 11054-1 [P.P.C. § 772-1] *et seq.*), as amended.

It is not disputed that, during his active service as a judge of the superior court for Mason county, Judge Wright presided at the trial of the action entitled "NEW WASHINGTON OYSTER CO., INC., a corporation, plaintiff, v. CLEM SARGENT and JANE DOE SARGENT, his wife, defendants," being cause No. 5018 of the records of the court referred to; that proceedings were had in the course of that trial as stated in respondent's order above set forth; that no final judgment was entered in the action prior to Judge Wright's retirement, and that relator's motion for a rehearing and for a new trial are still pending before the superior court for Mason county.

Relator contends that the order of respondent, above referred to, was made without constitutional or statutory authority, and that the same is void and should be vacated and set aside by this court.

Respondent argues that relator has mistaken its remedy and should have brought the matter before this court by way of an application for a writ of *quo warranto*.

The writ of certiorari (the statutory writ of review) may be invoked for the purpose of reviewing judicial acts, and does not lie to review or annul judgments or orders which are legislative, executive, or ministerial acts rather than judicial.

In 10 Am. Jur. 533, § 10, appears the following text:

"At common law and under the practice in most jurisdictions, the writ of certiorari will lie to review only those acts which are judicial or quasi judicial in their nature. It does not lie to review or annul any judgment or proceeding which is legislative, executive, or ministerial rather than judicial."

Rem. Rev. Stat., § 1002 [P.P.C. § 15-3], reads as follows:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

Respondent's order, of which relator complains, is entitled "IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR MASON COUNTY," in the case referred to, was regularly filed in the office of the clerk of that court, and is, in form and substance, a judicial order, subject to review before this court by way of an application for a writ of certiorari. *State ex rel. Antonsen v. Superior Court for Grays Harbor County,* 29 Wn. (2d) 725, 189 P. (2d) 219.

The order was evidently based upon that portion of Laws of 1943, chapter 37, § 1, p. 75, Rem. Supp. 1943, § 11054-4 (amending Laws of 1937, chapter 229, § 4, p. 1174, Rem. Rev. Stat. (Sup.), § 11054-4), which reads as follows:

"That every judge of the Superior Court of the State of Washington who shall have retired from office under the provisions of this act, during the balance of the term for which he shall have been elected, shall, if physically able, hold court when and where required to do so by the president-judge of The Association of the Superior Court Judges of the State of Washington, without compensation, but he shall be paid his necessary expenses by the county where so engaged; and every judge of the Supreme or Superior Court of the State of Washington who shall have retired from office under the provisions of this act, may be required to act as judge pro tem, if physically able, when so appointed by the presiding judge of the Superior Court of any judicial district in this state, without compensation, but he shall be paid his necessary expenses by the county where so engaged. . . ."

By Laws of 1933, Ex. Ses., chapter 58, p. 160, Rem. Rev. Stat. (Sup.), § 11051-1 [P.P.C. § 109-59] *et seq.,* the legislature established "the association of the superior court judges of the State of Washington," and defined the duties and powers of the association and of its president.

Article IV of the constitution of this state established the basic law of our judicial system, § 1 thereof reading as follows:

"The judicial power of the state shall be vested in the supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide."

Article IV, § 5, reads in part as follows:

"There shall be in each of the organized counties of this state a superior court, for which at least one judge shall be elected by the qualified electors of the county at the general state election: Provided, that until otherwise directed by the legislature one judge only shall be elected for the counties of Spokane and Stevens; . . . one judge for the counties of Thurston, Chehalis, Mason, and Lewis; . . ."

Pursuant to this section, the legislature has, from time to time, changed the judicial districts of the state and increased the number of judges of the superior court.

Article IV, § 7, includes, *inter alia*, the following provision:

"A case in the superior court may be tried by a judge pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant or their attorneys of record, approved by the court, and sworn to try the case."

By Art. IV of the constitution of this state, the superior court was established, and it is, therefore, a constitutional and not a statutory court. By §§ 5 and 7, it is provided that a judge of the superior court may, under circumstances set forth in these sections, preside over courts in counties other than the county or counties constituting the judicial district in which he was elected.

By Laws of 1927, chapter 135, § 1, p. 116, Rem. Rev. Stat., § 11045-1 [P.P.C. § 109-1], it was provided that there should be two judges of the superior court "in the counties of Mason and Thurston jointly."

We take judicial notice of the fact that, upon the voluntary retirement of Judge Wright, after he had qualified pursuant to his re-election as above stated, the governor immediately appointed his successor, and that the judicial district of Mason and Thurston counties is now provided with its quota of two judges of the superior court.

It is evident that, in enacting the amendatory chapter 37, Laws of 1943, *supra,* the legislature had in mind some supposed difference between the status of a judge of the superior court who voluntarily retired during a term for which he had been elected, and the status of a retired judge

after the expiration of the term for which he had been chosen.

We see no difference in the relationship between the two classes of retired judges and the state. When a judge voluntarily retires or is retired because of physical disability, he relinquishes his judicial office to the same extent in one case as in the other. Such a judge might, by agreement of the parties, be selected as judge *pro tempore* to preside at the trial of a particular case, but, under the constitution, such an act can only follow an agreement of the litigants.

By the first portion of chapter 37, Laws of 1943, above quoted, it was evidently the intention of the legislature to vest the president-judge of the association of superior court judges with authority to require a retired judge of the superior court to assume the duties of an active judge of that court, in any county of the state, for such length of time as the president-judge might direct, within the remainder of the term for which the retired judge had been elected.

As the governor of this state may, by appointment, immediately fill any vacancy which may exist in any superior court, the statute above referred to purports to vest the president-judge with authority, by his requirement, to increase the number of active superior court judges beyond the statutory number as fixed by the legislature, to an extent limited only by the number of available retired judges of that court.

In Webster's New International Dictionary (2d ed.) 2128, the verb "retire" is defined as follows:

"To withdraw from office, a public station, business, or the like; . . ."

It is true that the legislature, by enacting Laws of 1937, chapter 229, p. 1172 (Rem. Rev. Stat. (Sup.), § 11054-1 *et seq.*), providing for the retirement of judges of the supreme and superior courts, and fixing the amount of their retirement pay, had the right to require, in return, that judges accepting such retirement perform certain duties, if called upon to do so. Such duties, however, must be of

such a nature that they can be performed by a retired judge without violating any constitutional provision.

 No judge of the superior court, who has retired pursuant to the statute, may accomplish certain acts, such as exercising the authority of a magistrate or solemnizing marriages (Rem. Rev. Stat., §§ 51, 8441 [P.P.C. §§ 105-3, 733-5]. When a judge retires pursuant to the statute, he relinquishes his office, which immediately becomes vacant, and it may be assumed that the statutory number of judges of the superior court will be immediately filled by an appointment by the governor, as was done when Judge Wright retired.

 Of course, as stated in *Union High School Dist. No. 1, Skagit County, v. Taxpayers of Union High School Dist. No. 1, Skagit County,* 26 Wn. (2d) 1, 172 P. (2d) 591, the power of the legislature to enact laws "is unrestrained unless expressly or by fair inference it is prohibited by the state or Federal constitution."

Respondent relies upon Federal cases, in which the act of Congress providing for retirement of Federal judges (Judicial Code, § 260, 28 U.S.C. 3195, § 375, as amended) was considered. These authorities are not here controlling. The supreme court of the United States is a constitutional court. All other Federal courts have been established by acts of Congress, pursuant to authority granted by the constitution of the United States, and, being courts provided for by legislative, and not directly by constitutional, authority, the Congress may enact any laws it deems wise for the conduct and operation of such courts.

The supreme court of the United States, in the case of *Booth v. United States,* 291 U. S. 339, 78 L. Ed. 836, 54 S. Ct. 379, considered two questions certified by the court of claims, the questions concerning the status of United States district or circuit judges who retired pursuant to the appropriate act of Congress. The first question submitted to the court asked, in effect, "whether a United States Judge, upon retirement, relinquishes or retains his office." The court said: "The answer is to be found in the Act of Congress authorizing retirement," and held that it was the evi-

dent purpose of the act that a retired judge should "continue to hold office and perform official duties." As the person concerned was a judge of a congressional court, his status was, naturally, determined by the pertinent congressional statutes. The case involved no question of constitutional law or legislative authority. In the course of the opinion, the court said:

"By retiring pursuant to the statute a judge does not relinquish his office. The language is that he may retire from regular active service. The purpose is, however, that he shall continue, so far as his age and his health permit, to perform judicial service, and it is common knowledge that retired judges have, in fact, discharged a large measure of the duties which would be incumbent on them, if still in regular active service. It is scarcely necessary to say that a retired judge's judicial acts would be illegal unless he who performed them held the office of judge. It is a contradiction in terms to assert that one who has retired in accordance with the statute may continue to function as a federal judge and yet not hold the office of a judge. The Act does not and, indeed, could not, endue him with a new office, different from, but embracing the duties of the office of judge. He does not surrender his commission, but continues to act under it. He loses his seniority in office, but that fact, in itself, attests that he remains in office."

If the argument advanced by respondent's counsel be followed to its logical conclusion, the "contradiction in terms" referred to by the supreme court would be established, and a retired judge of the superior court of this state would continue to function as such, while not holding the office of judge of that court. Under the statute of this state, when a judge of the superior court retires during the term of office to which he has been elected, he relinquishes his office. The statute upon which respondent acted neither purports to nor could "endue him [Judge Wright, a retired judge] with a new office, different from, but embracing the duties of the office of judge."

There is no reasonable comparison between the authority of a legislative body in dealing with courts which it has created, and the power of a legislature to enact statutes

concerning a court established by the constitution, from which the legislature itself stems.

Authorities which refer only to Federal courts established by acts of Congress are not here in point.

When a judge of the superior court retires during a term to which he has been elected, the office which he formerly held becomes vacant.

"The word 'vacancy,' as applied to an office, has no technical meaning. An existing office without an incumbent is vacant. There is no basis for the distinction that it applies only to an office vacated by death, resignation, or otherwise. *Commonwealth v. McAfee*, 81 A. 85, 88, 232 Pa. 36." 43 Words and Phrases (Perm. ed.) 605.

Laws of 1937, chapter 229, § 1, p. 1172, Rem. Rev. Stat. (Sup.), § 11054-1, as amended by Laws of 1943, chapter 221, § 1, p. 681, Rem. Supp. 1943, § 11054-1, accords to any judge who is, under the terms of the statute, entitled to retire, the absolute right to retire, as provided by the act, by taking the steps therein prescribed. The act does not provide that a judge's application for retirement shall be accepted by any authority, or considered further than to ascertain whether the retiring judge is entitled, by reason of service, to the privilege accorded by the statute.

In the case at bar, it appears that Judge Wright's retirement was accomplished, as his successor was promptly appointed. The judicial district comprised of Thurston and Mason counties, at all times herein referred to, has had and now has its statutory complement of judges of the superior court.

It is not suggested that, by respondent's order which is before us for review, Judge Wright was appointed a judge *pro tempore*.

We hold that Laws of 1937, chapter 229, § 4, p. 1174, Rem. Rev. Stat. (Sup.), § 11054-4, as amended by Laws of 1943, chapter 37, § 1, p. 75, Rem. Supp. 1943, § 11054-4, is unconstitutional, and that the order entered by respondent pursuant to purported authority vested in him by the act referred to, is null and void.

As above stated, the order entered by respondent is reviewable before this court by way of a writ of certiorari.

Respondent having raised this question by his motion to quash and by his demurrer to relator's application for the writ, and having also filed a complete return, the entire matter is now before us for decision.

Having held, as above stated, that the order before us for review is void, the same is accordingly vacated and set aside.

JEFFERS, C. J., STEINERT, MALLERY, and GRADY, JJ., concur.

