## LURIE et al. v. STECKEL.
### Civ. No. 24428.

United States District Court
N. D. Ohio, E. D.
Oct. 12, 1949.

James C. Davis, Frank Harrison, H. J. Crawford, Cleveland, Ohio, for plaintiffs.

Sidney Rigelhaupt, Youngstown, Ohio, for defendant.

WILKIN, District Judge.

A question has been raised in this case as to my right and power to act as judge without a special designation in view of my retirement from regular and active service as of August 31, 1949. The question is based upon the wording of Paragraph (d) of Section 294 of the New Judicial Code, Title 28 U.S.C.A., which reads: "No retired justice or judge shall perform judicial duties except when designated and assigned."

It should be noted that that section is a part of Chapter 13, which is entitled, "Assignment Of Judges To Other Courts". It has no applicability to the services of a judge in the court to which he was appointed.

In Section 371 of Chapter 17 the statement is made that "Any justice or judge of the United States appointed to hold office during good behavior may retain his office but retire from regular active service * * *."

That section provides for retirement for age. The next section, 372, provides for retirement because of disability, and says that a judge who becomes permanently disabled from performing his duties may retire from regular active service. Such language should be read in connection with the language used in the preceding section. The purpose of this legislation was to enable the President to appoint a successor for a judge who had arrived at the age of retirement or who had become disabled. Congress recognized the fact that judges appointed for life during good behavior could not, under the Constitution, be removed from office except by impeachment or death. Congress also recognized that

in some instances the work of courts had been delayed because of the age or disability of judges. It wished to remedy that evil, but it must be presumed that Congress did not intend to deprive any constitutional judge of his office or of any of the functions of his office. The fact is that Congress would have no power, under the Constitution, to depose such a judge or to limit his functions.

The commission of a United States District Judge is his grant of authority to perform all the duties of a judge of such a court. Congress provided that a retired judge would lose his seniority with respect to other active judges of the court, but in no other way is a retired judge to be considered different from any other judge of the court. A retired judge is retired "from regular active service"; but, with reference to such duties as the retired judge is able and willing to assume, he acts with the full power of the authority vested in him by his commission.

It is therefore unnecessary for a retired judge to have a designation to act in the court of which he is a member. Maxwell et al. v. United States, 4 Cir., 3 F.2d 906, affirmed, 271 U.S. 647, 46 S.Ct. 487, 70 L. Ed. 1130. Booth v. United States, 291 U.S. 339, 54 S.Ct. 379, 78 L.Ed. 836.