2006 ME 79

**John W. VOORHEES**

v.

**SAGADAHOC COUNTY.**

Supreme Judicial Court of Maine.

Argued: Nov. 15, 2005.
Decided: June 28, 2006.

---

David G. Webbert, Esq. (orally), Johnson & Webbert, LLP, Augusta, for plaintiff.

Geoffrey H. Hole, Esq. (orally), Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] The question presented by this case is whether the constitutional prohibition against the reduction of compensation of Maine judges during their "continuance in office" applies to a sitting judge who begins a new term of office without interruption. Probate Judge John W. Voorhees appeals from a judgment of the Superior Court (Kennebec County, *Marden, J.*), in which the court concluded that a new term interrupts the "continuance in office" of a sitting judge. Voorhees contends that the

Compensation Clause of the Maine Constitution prohibits the reduction of his compensation upon his reelection for a consecutive term, so long as he continues in office without interruption. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] The facts pertinent to this appeal are not disputed. Voorhees has served as a probate judge in Sagadahoc County during continuous four-year terms since his first election in 1992. In December 1996, the Sagadahoc County Commissioners voted to increase the compensation of part-time elected officials, which at that time included Voorhees.[1] The Budget Advisory Committee considered phasing out that additional compensation for part-time county officials in 1998 and 1999, but on each occasion, the Commissioners declined to make this change for sitting officials. In 1998, the Commissioners discussed reducing the compensation incrementally; that is, as *new* county officials were elected, the reduction in compensation would be implemented.

[¶ 3] On June 10, 2003, the Commissioners held a regular meeting at which they voted to reduce the compensation of sitting part-time elected county officials at the end of their current term in office in December 2004. Shortly thereafter, Voorhees submitted a letter to the Commissioners requesting reconsideration of their decision to reduce his compensation, and in response, the county clerk indicated that the Commissioners intended to uphold their decision.

[¶ 4] On July 10, 2003, Voorhees filed a complaint against Sagadahoc County, seeking judicial review of governmental action pursuant to M.R. Civ. P. 80B and independent relief pursuant to the Maine Constitution. After a hearing on the matter, the Superior Court affirmed the Commissioners' decision, reasoning that a judge "continues in office" during a specific term but begins a new "office" at reelection. Thus, the court concluded that compensation could be reduced or eliminated at the end of a term. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

[¶ 5] As noted above, the question presented is whether the constitutional prohibition against the reduction of compensation for Maine judges applies to a sitting judge who begins a new term of office without interruption. The question requires us to examine the meaning of the phrase "continuance in office" in the Compensation Clause of the Maine Constitution. *See* ME. CONST. art. VI, § 2. This constitutional question is reviewed de novo. *See State v. Sylvain,* 2003 ME 5, ¶ 9, 814 A.2d 984, 987.

[¶ 6] "In interpreting our State Constitution, 'we look primarily to the language used.'" *Allen v. Quinn,* 459 A.2d 1098, 1100 (Me.1983) (quoting *Farris ex rel. Dorsky v. Goss,* 143 Me. 227, 230, 60 A.2d 908, 910 (1948)). Because the same principles employed in the construction of statutory language hold true in the construction of a constitutional provision, we

1. The compensation at issue here involves health insurance benefits of some type. The Superior Court determined that the benefits were compensation. Neither party has challenged that determination. Accordingly, we do not reach the question of whether health insurance is, in fact, compensation for the purpose of this constitutional provision; we assume, without deciding, that it is, and nothing in this opinion should be construed as suggesting that, if the question had been presented to us on appeal, we would have decided the issue in the same way as the Superior Court resolved it in this case.

apply the plain language of the constitutional provision if the language is unambiguous. *See Farris,* 143 Me. at 230, 60 A.2d at 910. If the provision is ambiguous, we determine the meaning by examining the purpose and history surrounding the provision. *See Morris v. Goss,* 147 Me. 89, 83 A.2d 556, 566 (1951).

### B. Language of the Compensation Clause

[¶ 7] The Compensation Clause of the Maine Constitution provides that probate judges and other state court judges "shall, at stated times receive a compensation, which shall not be diminished *during their continuance in office* ...." ME. CONST. art. VI, § 2 (emphasis added). The term "continuance in office" is not defined, and is found in only one other provision in the Maine Constitution, in article V, part 1, section 6, which prohibits a change in compensation during the Governor's continuance in office. Part 1, section 6 of article V creates a limitation on change of gubernatorial compensation that is nearly identical to that of judges: "The Governor shall, at stated times, receive for his services a compensation, which shall not be increased or diminished *during his continuance in office.*" (emphasis added).

[¶ 8] Other sections of the Maine Constitution employ the words "term" or "tenure" when referring to the specific period of time for which a judge or other official holds his or her office subject to reelection or reappointment. *See* ME. CONST. art. IV, pt. 2, §§ 1, 6, pt. 3, § 10; ME. CONST. art. V, pt. 1, §§ 2, 4, 14; ME. CONST. art. VI, §§ 4, 6. In the provision establishing the tenure of judicial officers appointed by the Governor, the drafters employed the phrase, "term of office," and referred to the circumstances in which a judge "may continue to hold office" beyond the length of his or her term:

All judicial officers appointed by the Governor shall hold their offices for the *term of 7 years* from the time of their respective appointments ... provided, however, that a judicial officer whose *term of office* has expired or who has reached mandatory retirement age, as provided by statute, may *continue to hold office* until the expiration of an additional period ....

ME. CONST. art VI, § 4 (emphasis added).

[¶ 9] Because the meaning of the phrase "continuance in office" could be a synonym for "term of office" but appears to be used to provide a slightly different connotation, we conclude that the meaning of "continuance in office" cannot be ascertained from the plain language of the provision. Accordingly, the term is ambiguous, and we examine the history and purpose surrounding the Compensation Clause to interpret its meaning. *See Morris,* 83 A.2d at 566.

### C. History and Purpose of the Compensation Clause

[¶ 10] Many provisions of the Maine Constitution, enacted in 1819, were directly derived from the 1780 Constitution of the Commonwealth of Massachusetts. *Matter of Benoit,* 487 A.2d 1158, 1172–73 n. 23 (Me.1985). Massachusetts had not, however, enacted a Compensation Clause that specifically prevented the Legislature from reducing a judge's salary while in office. *Id.* The drafters of the Maine Constitution, therefore, derived Maine's Compensation Clause directly from the United States Constitution. *Id.* at 1172.

[¶ 11] As with the federal constitution, the purpose of Maine's Compensation Clause is to insulate "judges from being influenced by the legislature's power of the purse." *Id.* at 1173. By incorporating a Compensation Clause into the Maine Con-

stitution, its drafters intended to safeguard an independent judiciary, free to interpret the laws of the State without fear of legislative or executive repercussions regarding judicial compensation. *Id.* at 1172. In 1819, the delegates to the Constitutional Convention of the State of Maine stated: "On a pure, intelligent, upright, and independent judiciary, the people more immediately depend for the impartial interpretation and administration of the laws, and for protection in the enjoyment of their rights and privileges." Debates and Journal of the Constitutional Convention of the State of Maine (1819–1820) 109–10 (1894).

[¶ 12] Because Maine's Compensation Clause was directly derived from the United States Constitution, we examine the intent of the drafters of the United States Constitution in addition to the drafters of the Maine Constitution. In THE FEDERALIST No. 79, Alexander Hamilton discussed the rationale for the Compensation Clause, indicating that the Legislature should have the ability to vary compensation from time to time, but should not have the power to make changes to the compensation of specific individuals in office:

> [F]luctuations in the value of money, and in the state of society, rendered a fixed rate of compensation in the Constitution inadmissible.... It was therefore necessary to leave it to the discretion of the Legislature to vary its provisions in conformity to the variations in circumstances; yet under such restrictions as

to put it out of the power of that body to change the condition of the individual for the worse.... The salaries of Judicial officers may from time to time be altered, as occasion shall require, yet so as never to lessen the allowance with which any particular Judge comes into office, in respect to him.

■ [¶ 13] In its original form, Maine's Compensation Clause applied only to the justices of the Supreme Judicial Court. ME. CONST. art. VI, § 2 (1819).[2] In 1964, soon after the creation of the District Court,[3] article VI was amended and, as part of that amendment, the Compensation Clause was extended in its application to "[t]he Justices of the Supreme Judicial Court and the Judges of other courts." ME. CONST. art. VI, § 2. As a result of this amendment, Maine's Compensation Clause currently protects both elected judges and appointed judges. *See id.*[4]

[¶ 14] Although Maine's Compensation Clause is directly derived from the U.S. Constitution, the drafters of the U.S. Constitution did not necessarily contemplate the issue presented in this Maine case because the U.S. Constitution provides for federal judges to have lifetime appointments: "The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished

---

2. The original language of article VI, section 2 provided: "The justices of the Supreme Judicial Court shall, at stated times receive a compensation, which shall not be diminished during their continuance in office, but they shall receive no other fee or reward." ME. CONST. art. VI, § 2 (1819).

3. The District Court was established in 1961. *See* P.L.1961, ch. 386, § 1 (effective Sept. 16, 1961) (codified at 4 M.R.S. § 151 (2005)).

4. The Maine Constitution currently provides for the election of probate judges for a term of four years. ME. CONST. art. VI, § 6. Thus, every four years, a probate judge's term comes to an end. If the judge is reelected, he or she will ordinarily begin a new term without an interruption in office. Section 6 of article VI of the Maine Constitution has been repealed, "effective at such time as the Legislature by proper enactment shall establish a different Probate Court system with full-time judges." ME. CONST. art. VI, § 6.

during their Continuance in Office." U.S. CONST. art. III, § 1. Unlike federal judges, Maine judges are not appointed for their lifetimes. Instead, judges in Maine serve for finite terms and upon the expiration of those terms, may be reelected or reappointed in order to "continue" in office. ME. CONST. art. VI, §§ 4, 6.

[¶ 15] Nevertheless, federal guidance is useful in the context of senior status federal judges, protected by the Compensation Clause. The United States Supreme Court has held that a federal judge "continues" in office when he or she retires into a senior status position, despite the fact that his or her official duties change. *Booth v. United States*, 291 U.S. 339, 350–51, 54 S.Ct. 379, 78 L.Ed. 836 (1934). The Court explained that, although a judge retires, he or she does not relinquish his or her office, and "does not surrender his [or her] commission, but continues to act under it." *Id.* For the purpose of interpreting the Compensation Clause of the U.S. Constitution, the Court held that senior status federal judges continue in office and therefore, their salaries may not be diminished during retirement. *Id.*[5]

 [¶ 16] Like a senior status federal judge, a reelected or reappointed Maine judge does not surrender his or her office, but continues to act under it. *See* ME. CONST. art. VI, § 4; *Booth*, 291 U.S. at 350–51, 54 S.Ct. 379. In fact, a reelection or reappointment is literally a continuance in office. By attaching the word "continuance" to the individual judge rather than

the specified term of the office, the Compensation Clause protects what it was intended to safeguard: an independent judiciary, free to interpret the laws of the State without fear of legislative repercussions regarding judicial compensation. *Matter of Benoit*, 487 A.2d at 1172. Thus, with the constitutional purpose of the Compensation Clause in mind, we hold that the phrase "continuance in office" applies to an individual judge during any continuous, uninterrupted period of time that he or she serves, without regard to the term or terms of office included in that period of time.

 [¶ 17] In the present matter, Voorhees has remained in the office of probate judge since 1992. He has been continuously reelected since that time and has never relinquished his office. For these reasons, Voorhees has continued in office for the purposes of the Compensation Clause, and therefore, his compensation may not be reduced.

The entry is:

The judgment of the Superior Court is vacated. Remanded with instructions to vacate the decision of the Sagadahoc County Commissioners.

---

5. A retired state court judge who is confirmed into "active-retired" status is compensated through per diem payments, rather than through a salary.