09-2641-cv
Bank v. Cooper, Paroff, Cooper & Cook


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*.[1]

_____

TODD C. BANK,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.                                        No. 09-2641-cv

COOPER, PAROFF, COOPER & COOK, IRA G. COOPER, PHILIP S. PAROFF, ADAM P. COOPER, SHARON E. COOK,

_____

[1] The Honorable Joseph M. McLaughlin, originally a member of the panel, recused himself from consideration of this matter. The remaining members of the panel, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b).

*Defendants-Counterclaimants-Appellees*.

_____

For Plaintiff-Counter-
Defendant-Appellant:                           TODD C. BANK, *pro se*, Kew Gardens, NY

For Defendants-                                ADAM P. COOPER (Ira G. Cooper, *on the brief*),
Counterclaimants-Appellees:                    Cooper, Paroff, Cooper & Cook, Kew Gardens, NY


Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Todd C. Bank appeals from the May 27, 2009 Memorandum, Order & Judgment of the District Court for the Eastern District of New York (Weinstein, *J.*) granting summary judgment to defendants. We assume the parties' familiarity with the facts and procedural history of the case.

Bank claims that defendants violated five provisions of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., when they sent him a rent demand notice stating that he owed $2,854.79 in past due rent and fees, and demanding that he pay that amount or surrender possession, in default of which the landlord would commence summary proceedings for possession. Bank first argues that the inclusion of fees in the rent demand notice was misleading pursuant to 15 U.S.C. §§ 1692e(2)(A), (5), and (10) because under New York law, defendants could not recover possession of his rent-stabilized apartment for his failure to pay fees. *See Silber v. Schwartzman*, 575 N.Y.S.2d 226, 226-27 (1st Dep't 1991) (per curiam). We conclude that the inclusion of fees did not render the rent demand notice fatally defective, *see*

*Brusco v. Miller*, 639 N.Y.S.2d 246, 247 (1st Dep't 1995) (per curiam), or misleading.  In fact, defendants did commence summary proceedings in state court and defendants prevailed.

Bank next contends that the rent demand notice violated the FDCPA because it failed to disclose that it was from a debt collector.  *See* 15 U.S.C. § 1692e(11).  We disagree.  The "question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer."  *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation marks omitted).  Here, the thirty-day debt validation letter stated that defendant Cooper, Paroff, Cooper & Cook had been retained to collect a debt of $2,854.79 consisting of Banks' past due rent.  Given this letter, the least sophisticated consumer would understand that the rent demand notice, which bore the same date as the debt validation letter, was from the same law firm, and demanded the same sum, was from a debt collector.

Finally, Bank argues that defendants violated the FDCPA's prohibition against "[t]he collection of any amount (including any . . . fee . . .) unless such amount is expressly authorized by the agreement creating the debt," 15 U.S.C. § 1692f(1), when they included a $35 bad check fee in the rent demand notice because the lease authorized only a $25 bad check fee.  Bank admitted at oral argument, however, that defendants never actually collected a $35 bad check fee.  Therefore, we do not find a violation of section 1692f(1), which prohibits the collection of unauthorized fees.  Further, we do not find defendants' attempt to collect $35 to be an "unfair or unconscionable means to . . . attempt to collect any debt."  *See id.* § 1692f.  Our conclusion is bolstered by both parties' recognition that the inclusion of a $35 fee instead of a $25 fee was a clerical error.

In addition to his arguments on the merits, Bank contends that the adjudication of his case by a senior judge violated Article III. The argument is without merit. Senior judges are fully commissioned Article III judges, and the Supreme Court has expressly held that upon assuming senior status, a senior judge "does not surrender his commission, but continues to act under it." *Booth v. United States*, 291 U.S. 339, 350-51 (1934); *see also United States v. Moore*, 101 F.2d 56 (2d Cir. 1939).

We have considered the remainder of plaintiff-appellant's arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____