NOT FOR PUBLICATION

FILED

MAY 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT ERIK STAFNE,

　　　　　Plaintiff-Appellant,

　v.

FREDERICK BENJAMIN BURNSIDE; *et al.*,

　　　　　Defendants-Appellees,

　and

SPS,

　　　　　Defendant.

No. 22-35547

D.C. No. 2:16-cv-00753-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 15, 2024[**]
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and NAVARRO,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gloria M. Navarro, United States District Judge for

Scott Stafne appeals the district court's judgment for defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). The district court's denial of a motion for post-judgment relief under Fed. R. Civ. P. 59(e) is reviewed for abuse of discretion. *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992). We also review a district court's denial of a motion to recuse for abuse of discretion. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

Stafne does not challenge the merits of Judge Coughenour's dismissal order. Rather, he challenges Judge Coughenour's judicial authority based on his status as a senior judge. Stafne further argues that Judge Coughenour's bias as a senior judge made him unable to fairly decide the constitutionality of senior judges.

This is not the first time Stafne has made his senior-judge argument in this Court. As this Court has previously concluded, "Stafne's argument that the senior district judge who heard his case was a 'retired judge' merely 'acting as an Article III judge in this case,' is without merit." *Bank of New York Mellon v. Stafne*, 824 F. App'x 536, 536 (9th Cir. 2020). "Senior judges 'are, of course, life-tenured

---

the District of Nevada, sitting by designation.

2

Article III judges.'" *Id.* (quoting *Nguyen v. United States*, 539 U.S. 69, 72 (2003)). This basic proposition has been routinely confirmed by the Supreme Court, this Court, and other circuit and district courts. *See, e.g.*, *Booth v. United States*, 291 U.S. 339, 350 (1934) ("By retiring pursuant to the statute a judge does not relinquish his office."); *Williams v. Decker*, 767 F.3d 734, 743 (8th Cir. 2014) (rejecting argument that district court judge lacked authority to adjudicate matter due to her status as senior district court judge); *Bank v. Cooper, Paroff, Cooper & Cook*, 356 F. App'x 509, 511 (2d Cir. 2009) (same); *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973) (same). Although Stafne argues otherwise based on a law review article, we must follow binding Supreme Court precedent.

Stafne's argument that Judge Coughenour improperly denied his recusal motion because of his "bias regarding the senior judge issue" is equally without merit. As Stafne's position is foreclosed under Supreme Court precedent, no reasonable person would question whether the district court's decision was improperly influenced on this matter. *See United States v. Holland*, 519 F.3d 909, 912–13 (9th Cir. 2008), *as amended*. Moreover, pursuant to the Western District of Washington's local rules, then-Chief Judge Ricardo S. Martinez reviewed Judge Coughenour's decision to not recuse and found that Stafne had not "demonstrated a reasonable basis to question Judge Coughenour's impartiality or to justify

3

recusal." (Order on Mot. Recusal, 1-ER-19).  Stafne's belief that senior judges are not Article III judges did not warrant recusal.

**AFFIRMED.**