OPINION OF THE COURT
Per Curiam.
Order entered June 27, 1990 reversed, with $10 costs, tenant’s -motion granted to the extent of vacating the possessory judgment entered upon an award of attorney’s fees to landlord, and landlord is granted a money judgment only in the sum of $625.
At the conclusion of landlord’s proof in this summary nonpayment proceeding involving rent-stabilized premises landlord agreed to accept payment by tenant of arrearages of legal regulated rent claimed due. The parties’ dispute as to whether the attorney’s fees provided for in the lease was thé proper subject of a possessory judgment was, however, left open for future resolution. The lease in question provides that legal fees and disbursements for legal actions brought by landlord due to tenant’s default are payable as additional rent within 30 days after receipt of landlord’s bill therefor, and Civil Court entered a possessory judgment in landlord’s favor for attorney’s fees based upon this clause. Thereafter, in the order appealed from, the court denied tenant’s motion to vacate the judgment.
We agree with tenant’s contention that entry of a possessory judgment for attorney’s fees charged as additional rent is improper. Attorney’s fees do not constitute and are not recognized as comprising "legal regulated rent”, the gravamen of a summary nonpayment proceeding involving rent-stabilized premises. The Emergency Tenant Protection Act of 1974 *3 (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, § 4; ETPA]) was enacted in the public interest to prevent the charging and collection of unreasonable and excessive rents by landlords of rent-stabilized premises "in order to prevent uncertainty, hardship and dislocation” of tenants. (Uncons Laws §8622.) The statute authorizes the establishment of maximum rents under the New York City Rent Stabilization Law of 1969 (Uncons Laws § 8624 [c]), and further provides that "[notwithstanding the provisions of any lease or other rental agreement, no owner shall * * * charge or collect any rent in excess of the initial legal regulated rent or adjusted initial legal regulated rent until such time as a different legal regulated rent shall be authorized pursuant to guidelines adopted by a rent guidelines board” (Uncons Laws § 8626 [a]). The New York City Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-501 et seq.) and Rent Stabilization Code (9 NYCRR part 2520 et seq.) concomitantly provide, inter alia, that rent cannot be charged or collected in excess of the "legal regulated rent” (Administrative Code §26-512 [a]; Rent Stabilization Code §2525;1), and that the Department of Housing and Community Renewal shall determine such maximum rents, and increases and adjustments thereto, based on factors which do not include attorney’s fees charged as additional rent (Rent Stabilization Code § 2522.4 [a] [1], [2]).
Hence, in a proceeding such as this brought under RPAPL. 711 (2) for nonpayment of rent by the landlord of residential, rent-stabilized premises, attorney’s fees may not be considered "rent” or be awarded as "additional rent” in order to enable landlord to obtain a possessory judgment, and a lease clause to that effect is unenforceable (see generally, 61 E. 72nd St. Corp. v Zimberg, 161 AD2d 542). To hold otherwise would countenance the inequitable result of permitting landlord to obtain a possessory judgment where the claim for possession upon which the underlying proceeding is properly authorized has already been mooted by payment of the legal regulated rent.
Inasmuch as the amount of attorney’s fees incurred by landlord is not in dispute, we vacate the possessory judgment and award the prevailing landlord a money judgment only.
Parness, J. P., Miller and McCooe, JJ., concur.