■ WHITEHALL TENANTS CORP., Respondent, v 3333 OPERATING CORP., Appellant.—Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered October 23, 1991, which after a non-jury trial granted final judgment in favor of plaintiff against the defendant for the relief requested in the complaint, ordered that defendant be ejected and vacate and surrender possession of the premises in question to plaintiff, declared defendant's right to the lease dated August 15, 1980 assigned to plaintiff as of February 1, 1991, and ordered additional and related relief, unanimously affirmed, with costs.

Defendant's claim that this action should have been dismissed pursuant to CPLR 3211 (a) (4) upon the ground that there is another action pending is without merit inasmuch as the non-payment proceeding commenced in the Civil Court for amounts due under the lease involves a wholly separate cause of action than is involved in this case arising out of separate, albeit contemporaneous, agreements *(see, Kent Dev. Co. v Liccione,* 37 NY2d 899, 901; *Morgulas v Yudell Realty,* 161 AD2d 211, 213). Defendant's claim that it did not have notice of the assignment of the agreements to plaintiff is without merit. Even were there an absence of such notice, defendant does not claim that plaintiff erroneously declared it in default by failing to credit defendant with payments purportedly made to plaintiff's assignor and, accordingly, any purported lack of notice would not render the assignment ineffective *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 402).

We find the defendant's remaining arguments raised improperly for the first time on appeal, to be without merit. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.