*543 OPINION OF THE COURT
Louise Gruner Gans, J.
Although thousands of summary nonpayment proceedings involving rent-stabilized or rent-controlled premises are initiated in the Civil Court, the question whether a written three-day notice under RPAPL 711 (2) involving such premises may include a demand for payment of legal fees, collection costs and late charges, in addition to rent, has never been squarely addressed. This court holds that a demand for payment of charges other than the legal regulated rent in a written three-day notice involving rent-stabilized or rent-controlled premises is prohibited and requires dismissal of the nonpayment petition.
These summary proceedings for the nonpayment of rent were initiated by petitioner against nine rent-controlled and 53 rent-stabilized tenants of London Terrace Apartments.[1] All respondents have moved to dismiss based on the invalidity of the written three-day notices served on them pursuant to RPAPL 711 (2). The motions, which have been consolidated for purposes of disposition, are granted.
Written three-day notices or rent demands in all cases involving rent-stabilized tenants were served in March 1993. Service of the notices was followed by service of notices of petition and petitions. Aside from demanding payment of rent due for February 1993, each three-day notice demanded payment of amounts for collection costs, legal fees, and late charges. These items were demanded pursuant to lease provisions which defined "collection costs and legal fees” and "late charges” as items of additional rent. Every one of the three-day notices in these cases demanded payment of $375 for collection costs, legal fees of either $36.75 or $39.75, and late charges of $15,[2] in addition to the disputed monthly rent amount.
In April 1993, petitioner served written three-day notices on nine rent-controlled tenants. Service of notices of petition and petition followed. These three-day notices demanded payment of rent for the months of February, March and April 1993, and amounts of either $15 or $45 designated either as "legal fees” or "late charges.”
*544 Petitioner has not represented to the court that the items claimed for collection costs, legal fees or late charges in any of the petitions have been approved by DHCR as part of the legal regulated rent for any of the premises in question.
On their motions to dismiss, respondents contend that the three-day notices are invalid because they demand payments in excess of the legal regulated rent, demand payments in excess of agreed lease amounts, and do not ever use the word "rent.”
Section 2525.1 of the Rent Stabilization Code (9 NYCRR) and section 2205.1 (a) of the New York City Rent and Eviction Regulations (9 NYCRR) read as follows:
"2521.1 * * * It shall be unlawful, regardless of any contract, lease or other obligation heretofore or hereafter entered into, for any person to demand or receive any rent for any housing accommodation in excess of the legal regulated rent, or otherwise to do or omit to do any act, in violation of any regulation, order or requirement under the RSL or this Code, or to offer, solicit, attempt or agree to do any of the foregoing.”
"2205.1 * * * (a) It shall be unlawful, regardless of any contract, lease or other obligation heretofore entered into, for any person to demand or receive any rent for any housing accommodations in excess of the applicable maximum rent established therefor by the State Rent Commission or the Division of Housing and Community Renewal, or otherwise to do or omit to do any act, in violation of any regulation, order or requirement of such administration under the State Enabling Act or under the Rent Law, or to offer, solicit, attempt or agree to do any of the foregoing.”
The three-day notice under RPAPL 711 (2) is by its terms a "demand of the rent * * * requiring, in the alternative, the payment of the rent, or the possession of the premises.” There can be no misunderstanding that both sections 2525.1 and 2205.1 unequivocally forbid "any person to demand or receive” rent in excess of the legal regulated rent or maximum rent (emphasis supplied). Under these provisions it is necessarily unlawful to demand the payment of legal fees, collection costs, and/or late charges in a written three-day notice. Where, as here, the wording of a statute or regulation is expressed in clear and unambiguous terms, it is the duty of the courts to enforce the law as written. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 73, 76; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982]; *545 Bender v Jamaica Hosp., 40 NY2d 560, 562 [1976]; Matter of De Peyster, 210 NY 216, 225 [1914]; Triborough Bridge & Tunnel Auth. v Crystal & Son, 2 AD2d 37, 39 [1st Dept], affd 2 NY2d 961 [1957].)
The Appellate Term, First Department, has recognized that in a nonpayment proceeding involving rent-stabilized premises, "attorney’s fees may not be considered 'rent’ or be awarded as 'additional rent’ in order to enable [a] landlord to obtain a possessory judgment, and [that] a lease clause to that effect is unenforceable.” (Silber v Schwartzman, 150 Misc 2d 1, 3 [App Term, 1st Dept 1991]; see also, Classic Residences v Adams, NYLJ, Feb. 2, 1993, at 21, col 2 [App Term, 1st Dept]; Broadway Assocs. v Spahn, NYLJ, Apr. 3, 1990, at 26, col 1 [App Term, 1st Dept].) Tivoli v Wing (122 Misc 2d 901 [Civ Ct, Kings County 1984]) had earlier applied the same reasoning to collection expenses and late charges as well as to attorney’s fees.
Two intertwined concepts formed the basis for the decision in Silber v Schwartzman (supra) and the related cases cited. The first, that only amounts "comprising 'legal regulated rent’ ” can be identified as the "gravamen of a summary nonpayment proceeding involving rent-stabilized premises.” (Silber v Schwartzman, supra, at 2.) The second, that in a proceeding involving rent-regulated premises, the landlord is able to obtain a possessory judgment only for amounts constituting the legal regulated rent. (Supra, at 3.) The first concept follows the mandate of the rent laws to enforce payment only of amounts constituting legal regulated rent. The second concept, central to the nature of the summary nonpayment proceeding, is that only obligations legally recognized as rent can support the grant of a possessory judgment through eviction.
The conclusion that a written three-day notice or rent demand under RPAPL 711 (2) may not include a demand for payment of charges other than the legal regulated rent is a logical extension of the holding of the Appellate Term in Silber v Schwartzman. (Supra.) It enforces the mandate of the rent stabilization and rent control laws that only legal regulated rent may be "demanded or received,” and the principle that only a demand for legal regulated rent may support a possessory judgment.
The purpose of requiring a landlord, by the terms of RPAPL 711 (2), to demand rent of a tenant prior to initiating a *546 summary nonpayment proceeding in the Civil Court is not only to inform the tenant that in the absence of payment of the demanded amount or surrender of the premises, legal proceedings will be instituted, but also to allow the tenant to remedy any default in payment, thus avoiding litigation and possible eviction. (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [Civ Ct, NY County 1984]; Zinsser v Herrman, 23 Misc 645 [App Term 1898]; Life Realty Partners v Samuel H. Moss, Inc., NYLJ, Oct. 16, 1991, at 22, col 4 [Civ Ct, NY County].) To achieve these purposes, the three-day notice must inform the tenant of the "approximate good faith sum” of rent claimed. (Zenila Realty Corp. v Masterandrea, supra, at 8; Schwartz v Weiss-Newell, 87 Misc 2d 558 [Civ Ct, NY County 1976].)
By definition, a three-day notice or rent demand which demands payment of charges whose collection is prohibited by rent stabilization or rent control regulations does not state a "good faith sum” of rent claimed. It is deceptive and misleading both as to the amount the tenant must pay to avoid eviction, and as to tenant’s obligation to pay petitioner’s attorney’s fees and costs prior to the commencement of the legal proceeding, regardless of the judicial determination of the claim.
The cases cited by petitioner, Noyes Co. v Standard Indus. (85 Misc 2d 853 [App Term, 1st Dept 1976]), 379 Madison Ave. v Stuyvesant Co. (242 App Div 567, affd 268 NY 576 [1935]), N.V. Madison Inc. v Saurwein (103 Misc 2d 996 [App Term, 1st Dept 1980]), and Ray v 169 Spring Owners Corp. (NYLJ, Mar. 2, 1988, at 14, col 3 [Civ Ct, NY County]), do not concern rent-stabilized or rent-controlled premises or predate the Rent Stabilization Code, and are therefore inapposite.
Service of three-day notices which demand amounts other than the legal regulated rent is likely to result in the payment and collection of prohibited charges. By the terms of the three-day notice, failure to pay the demanded amount or vacate the premises will result in a court proceeding and possibly eviction. It is likely that at least some tenants will pay whatever "additional” amount is demanded without question, in order to avoid the stress and expense of litigation. Thus, the three-day notice itself can become a device for the collection of unlawful charges. Moreover, any overcharge regardless of its size frustrates the purposes of rent stabilization and rent control laws. Here, each rent demand from the rent-stabilized tenants includes charges approximately $430 above *547 the legal rent amount. All the rent demands when combined, include a total of over $23,000 in excess of the legal regulated rents.
It should be clear that this decision relates only to three-day notices in cases involving rent-stabilized or rent-controlled premises. Even in these cases, petitioner may include a claim for an award of attorney’s fees pursuant to Real Property Law § 234, and a claim for costs pursuant to CCA 1906-a in the body of the nonpayment petition, to be determined at the conclusion of the proceeding. Without deciding whether petitioner has a right to collect late charges in these cases (see, Maplewood Mgt. v Jackson, 113 Misc 2d 142 [Nassau Dist Ct 1982]; Spring Val. Gardens Assocs. v Earle, 112 Misc 2d 786 [Rockland County Ct 1982]), the court notes that petitioner could likewise include a claim for late charges in the petition, which like the claim for attorney’s fees and costs, could support the entry of a money judgment only.
For the foregoing reasons the several petitions herein are dismissed. In all cases where a lease provision provides for an award of attorney’s fees, respondents’ claims for attorney’s fees pursuant to Real Property Law § 234 shall be preserved pending the outcome of further litigation between the parties. The court does not address respondents’ contentions that the lack of the word "rent” in petitioner’s three-day notices renders them invalid, or that demands for amounts that do not correspond exactly to those stated in the lease riders are likewise invalid. Further, the court does not determine petitioner’s motions to consolidate, amend, strike defenses and counterclaims, and for summary judgment.

. The names of all the respondents and the index numbers of all the cases are listed in the original decision.

. The amounts demanded do not in every case correspond to the actual lease provision.