OPINION OF THE COURT
Louis B. York, J.
In this summary proceeding seeking to evict the respondent commercial tenant for nonpayment of rent, the respondent moves to dismiss while the petitioner seeks to have the respondent’s affirmative defenses dismissed.
The petition alleges that petitioner purchased the building on September 30, 1993. At that time the seller assigned his rights to all unpaid rent due from respondent. The petitioner sues for all the rent allegedly owed since December 1993. Respondent contends that section 248 of the Real Property Law releases it from liability for the assigned rents until it gets notice of the assignment. Therefore, under London Terrace v Stevens (159 Misc 2d 542 [Civ Ct, NY County]), the demand is defective because it seeks rents greatly in excess of what petitioner legally owes. Petitioner contends, on the other hand, that section 248 merely releases the respondent from liability to the extent that it made any payments before receiving notice of the assignment. Since respondent has made no such payments, section 248 does not apply and neither the three-day demand nor the petition is defective. Both sides draw their authorities from plenary actions. There do not appear to be any decisions regarding liability for assigned rents in summary proceedings.
This court holds that London Terrace v Stevens (supra) does not apply to commercial tenancies. London Terrace was based on a specific provision of the Rent Stabilization Law which prohibits rent demands in excess of the legal regulated rent. The Rent Stabilization Law does not apply to commercial tenancies, there is no legal regulated rent for commercial premises, and as I shall shortly show, the demand did not exceed what respondent owed on the basis of the presentations made on this motion. All that Real Property Law § 248 says in pertinent part is that "payment of rent to a grantor, by his tenant, before notice of the conveyance, binds the grantee; and the tenant is not liable to such grantee, before such notice”. The purpose of this section is to protect a tenant who paid the grantor before receiving notice of the assignment from making a double payment. (Proctor Troy Props. Co. v Dugan Store, 191 *1083 App Div 685.) Thus, in Whitehall Tenants Corp. v 3333 Operating Corp. (190 AD2d 595 [1st Dept 1993]), the fact that defendant received no notice of the assignment was not a defense and summary judgment was awarded to the plaintiff. Since respondent has not alleged that it made any payments to petitioner’s assignor for the rent, the motion to dismiss is denied. Although the petitioner is entitled to a money judgment for all the unpaid rent and to a judgment for possession for the unpaid rents since it obtained title, it cannot obtain a possessory judgment for the assigned rents. All the cases cited involved plenary action where a rent demand under RPAPL 711 was not a prerequisite to bringing suit. At the time it received the rent demand, the submissions of the parties indicate that respondent had no notice of the assignment and the rent demand gave no such notice. The courts have been clear that such statutory notices must give specific and detailed information on the petitioner’s claim. (See, Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]; Life Realty Partners v Samuel H. Moss, Inc., NYLJ, Oct. 16, 1991, at 22, col 4 [Civ Ct, NY County].) Since the petitioner failed to give any notice at all of the facts concerning the assignment of past rents, it is barred from obtaining a possessory judgment for those rents.
Petitioner has moved to dismiss respondent’s affirmative defenses, with their implicit claims for setoff. Petitioner also points out that these claims have already been asserted in a previously commenced plenary action in Supreme Court, which respondent has not denied. This court believes that this proceeding should be consolidated with the previously consolidated Supreme Court action. This is in accord with the approach of the Appellate Term which has stated "Tenant’s damage claims for breach of the lease will be addressed in the context of his previously commenced plenary action in Supreme Court”. (335 Broadway/93 Worth Co. v Heller, NYLJ, Mar. 21, 1994, at 30, col 1 [App Term 1st Dept].) Therefore, the claims, which are asserted in the Supreme Court action, are severed.