OPINION OF THE COURT
Richard F. Braun, J.
This is a summary proceeding for nonpayment of rent. The subject premises is commercial.
Respondent (tenant) moves for summary judgment dismiss *145 ing this proceeding due to an allegedly defective written rent demand notice, served pursuant to RPAPL 711 (2). The Appellate Term, First Department, has held that such a notice is subject matter jurisdictional (1766-68 Assocs. v Perrier, NYLJ, Nov. 21, 1990, at 21, col 2; see, Fazal Realty Corp. v Paz, 151 Misc 2d 396, 398 [Civ Ct, NY County 1991]).
The rent demand notice here includes a demand for legal fees, which is the alleged defect. Such a demand is a defect in a rent demand notice for rent-regulated residential premises (London Terrace Gardens v Stevens, 159 Misc 2d 542 [Civ Ct, NY County 1993]). The holding in London Terrace was predicated on the bar to a landlord’s collecting attorney’s fees as additional rent under the Rent Stabilization Law and Code, and the Rent Control Law and Regulations (London Terrace Gardens v Stevens, 159 Misc 2d, at 544, 545, and cases cited therein).
The rule should not be the same for commercial premises. Paragraph 19 of the lease between the subject parties provides that petitioner can demand legal fees from respondent as additional rent. It has long been the law that such a provision is valid (see, 379 Madison Ave. v Stuyvesant Co., 242 App Div 567 [1st Dept 1934], affd 268 NY 576 [1935]; Noyes Co. v Standard Indus., 85 Misc 2d 853 [App Term, 1st Dept 1976]). There is no provision of law prohibiting a commercial landlord from charging attorney’s fees as added rent above the base rent similar to the rent regulatory schemes for certain residential tenants. Thus, a demand for such fees in a written rent demand notice is proper. Therefore, the motion should be denied.