*418 OPINION OF THE COURT
Kibbie F. Payne, J.
This is a nonpayment summary proceeding. Petitioner is a cooperative apartment corporation and respondents are shareholder lessees of the corporation. Respondent, Colleen Straw-bridge, moves pursuant to CPLR 3211 (a) (2) for an order dismissing the petition on the grounds that (1) the three-day demand is defective because it contains a demand for attorney fees as additional rent and (2) the demand fails to include a fixed date for payment.
This court has subject matter jurisdiction of this proceeding by virtue of the fact that it is a summary proceeding for the recovery of real property. (NY Const, art VI, § 15 [b]; CCA 110 [5]; 204.) Nevertheless, proper predicate notice is a necessary jurisdictional prerequisite for the commencement of a summary proceeding to recover real property where the tenant has defaulted in the payment of rent. (RPAPL 711 [2].) Respondent’s counsel maintains that the attorney fees demand deprives this court of jurisdiction based upon London Terrace Gardens v Stevens (159 Misc 2d 542). In that case, the court dismissed a nonpayment proceeding where a demand for payment of charges in addition to the legal regulated rent was made in a written three-day notice involving rent-stabilized or rent-controlled premises. Several cases in this court have followed the holding in London Terrace (see, Brusco v Miller, NYLJ, Nov. 9, 1994, at 22, col 5; Sunset Park Nsai v Hernandez, NYLJ, Aug. 3, 1994, at 28, col 3; El-Kam Realty v Scheck, NYLJ, Feb. 16, 1994, at 22, col 6). The decision is well reasoned and provides that a petitioner landlord may only demand the rental amount due. That court recognized the fact that lease agreements which may obligate a tenant to reimburse a landlord for additional charges resulting from nonpayment of rent are valid. Landlords who read the decision were advised to include their demands for additional charges in the petition. (London Terrace Garden v Stevens, 159 Misc 2d, supra, at 547.)
Under London Terrace (supra) the three-day demand must be for a "good faith sum” of the rent due and owing. The predicate demand for the payment of rent pursuant to RPAPL 711 (2) provides tenants with the opportunity to remedy their default in the payment of rent and to evade unnecessary legal proceedings. (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1, 10.) The holding in London Terrace insures that a tenant *419 receives notification of a sum certain that is not misleading or deceptive without the inclusion of any additional charges for costs and fees prior to the commencement of the judicial proceedings to recover real property. London Terrace, however, only applies to those premises which are rent stabilized or rent controlled. This court sees no justification for the differential treatment of a person who rents an apartment unit in a condominium or a cooperative apartment from the treatment of tenants residing in rent-stabilized and/or rent-controlled apartments. To afford rent-stabilized and/or rent-controlled tenants with greater protection and security than enjoyed by tenants of condominium and cooperative apartments is offensive to our traditional concept of fairness. This court will not sanction or promote the creation of class privilege or the oppression of inequality. Tenants residing in apartment units under similar circumstances cannot be denied equal justice merely because they do not reside in a rent-stabilized or rent-controlled apartment. Equal protection of the laws requires that all persons be afforded with access to the court and that the administration of justice be equally applied to persons under similar circumstances. There is no basis under these circumstances for any preferential treatment of stabilized or rent-controlled tenants over other classifications of tenants. Therefore, I find that the holding set forth in London Terrace should be extended to tenants residing in condominium and cooperative apartments. As a result, in the instant proceeding the three-day demand issued by petitioner is jurisdictionally defective because the demand for rent includes additional charges beyond the rent due and owing by respondents. For the reasons stated above the petition must be dismissed.
Since the three-day demand is defective this court will not address the claim of the ambiguous demand for payment. Nevertheless, this court has already stated its opinion of the merits of respondent’s counsel’s arguments in 105th St. Brusco Assocs. v 105th St. Pizza (NYLJ, Oct. 5, 1994, at 22, col 3).