OPINION OF THE COURT
Per Curiam.
Order entered September 29, 1994 reversed, with $10 costs, tenants’ motion to dismiss the petition is denied, and the petition is reinstated.
At issue in this nonpayment summary proceeding for possession of rent-stabilized apartment premises is the legal sufficiency of landlords’ written three-day rent demand (RPAPL 711 [2]). The demand enumerated outstanding rent payable at the rate of $850 per month for a specified five-month period, and advised that payment of "all rent due and owing” or surrender of the premises was required by a date certain, failing which, summary proceedings would be commenced. Also set forth in the demand were amounts for legal fees ($75) and late charges ($52.50), which items were included within the aggregate sum ($4,377.50) stated at the top portion of the notice.
Civil Court, relying upon London Terrace Gardens v Stevens (159 Misc 2d 542), dismissed the petition upon its conclusion that the rent demand was rendered "fatally defective” by its inclusion of attorney’s fees and late charges. We disagree. Consonant with the modern view that pleadings and threshold notices in summary proceedings are to be accorded the same liberal construction as papers in civil litigation generally (Jackson v New York City Hous. Auth., 88 Misc 2d 121; Lanz v Lifrieri, 104 AD2d 400, 401; but cf., MSG Pomp Corp. v Doe, 185 AD2d 798), so that cases may be disposed of on the merits, we discern no defect — and certainly no "jurisdictional defect”— which would preclude this garden-variety nonpayment proceeding from going forward.
"A proper demand for rent must fairly afford the tenant * * * actual notice of the alleged amount due and of the period for which such claim is made” (Schwartz v Weiss-Newell, 87 Misc 2d 558, 561). That standard has been satisfied here. The itemization of ancillary charges for attorney’s fees and late fees does not represent a demand for "illegal” rent in excess of the stabilized maximum, but permissibly gives notice of landlords’ additional claim for contractual damages provided for in the parties’ lease (see, MacNish Assocs. v Harris, NYLJ, *56 Oct. 27, 1987, at 15, col 4 [App Term, 2d. Dept]).* These damages, when requested in the rent demand and/or the petition, are a proper subject of recovery in the summary proceeding, albeit they may only be the source of a money judgment in the case of a regulated tenancy (Silber v Schwartzman, 150 Misc 2d 1 [App Term, 1st Dept]).
Since landlords’ three-day notice was a sufficient predicate for a summary proceeding under RPAPL 711 (2), the petition is reinstated and the matter remanded to the Civil Court for further proceedings.
Parness, J. P., and Miller, J., concur.

 To avoid any possibility of confusion or prejudice, claims for rent should be segregated from landlords’ other charges and separately totaled. There is no claim by tenants herein that any rent was tendered to landlords and refused.