■ TED ZANE, et al., Respondents, v BARRY KELLNER, Appellant, et al., Defendants. [658 NYS2d 289] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 19, 1996, which, insofar as appealed from, granted plaintiff's motion for use and occupancy in the amount of $4,300 a month,

and denied defendant's cross motion to dismiss the causes of action for rent arrears and use and occupancy, unanimously modified, on the law and the facts, to the extent of directing defendant to deposit $4,300 with the Clerk of Civil Court beginning on the first day of the first month after entry of this order, and to continue to do so until such time as plaintiff obtains a certificate of occupancy in compliance with the Multiple Dwelling Law and/or the Interim Multiple Dwelling Law (Multiple Dwelling Law art 7-C), all subject to further order of the Civil Court, and otherwise affirmed, without costs.

On argument, the parties informed this Court that this action is now pending in the Civil Court of the City of New York pursuant to transfer under CPLR 325.

It is undisputed that plaintiff offered defendant a residential lease aware that the building lacked a residential certificate of occupancy, as required by Multiple Dwelling Law § 301, and made no effort to obtain such a certificate or comply with the Interim Multiple Dwelling Law. On the other hand, defendant does not claim the premises pose a threat to his health and safety, and there is no indication that he intends to vacate the premises. Under the circumstances, we think the equities are best balanced by directing payment of use and occupancy in the amount stipulated in the parties' lease while stimulating plaintiff's expeditious completion of the actions necessary to legalize the premises (*see, Lipkis v Pikus*, 99 Misc 2d 518, *affd* 72 AD2d 697, *appeal dismissed* 51 NY2d 874).

Accordingly, we modify to direct that the use and occupancy be paid into court rather than directly to plaintiff. Concur— Wallach, J. P., Nardelli, Rubin, Tom and Andrias, JJ.