■ SEYMOUR BERKOWITZ et al., Respondents, v FREDERICK M. MOLOD et al., Appellants. SEYMOUR BERKOWITZ et al., Appellants, v FREDERICK M. MOLOD et al., Respondents. [689 NYS2d 466] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 24, 1998, which, to the extent cross appealed from, granted defendants' motion to dismiss the complaint to the extent of dismissing the first and second causes of action of the amended complaint but denied the motion with respect to plaintiffs' third cause of action, unanimously modified, on the law, to deny defendants' motion with respect to the first and second causes of action of the amended complaint and to reinstate those causes, and otherwise affirmed, without costs. Order, same court and Justice, entered February 24, 1998, which, to the extent appealed from, granted defendants'

motion to dismiss the complaint to the extent of dismissing the first and second causes of action of the complaint, without prejudice, unanimously dismissed, without costs, as academic in view of the foregoing.

The dissolution proceeding advanced by defendants as the predicate for their various preclusion claims, was based on allegations that dissension between former partners of the dissolved firm had caused the firm to stop functioning efficiently. The litigation of those allegations did not involve the litigation of the issues pertinent to the presently alleged claims of breach of fiduciary duty, fraud and conversion and, accordingly, was properly found by the motion court to be without preclusive effect (*see, Matter of Ronan Paint Corp.*, 98 AD2d 413, 422; *see also, Whitehall Tenants Corp. v 3333 Operating Corp.*, 190 AD2d 595).

The motion court, however, erred in dismissing the first and second causes of action of the amended complaint for pleading deficiencies since, as the court initially found in its February 24, 1998 order, breach of fiduciary duty and fraud had in fact been pleaded in sufficient detail, discovery not yet having taken place. Moreover, the amended complaint, in compliance with the court's prior order, sufficiently disclosed the source of the information underlying the allegations previously pleaded "upon information and belief", particularly since the relevant facts were "peculiarly within the knowledge of the party against whom the [charges were] being asserted" (*Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194; *accord, Bernstein v Kelso & Co.*, 231 AD2d 314, 320-321).

We have considered defendants' remaining arguments for affirmative relief and find them to be without merit. Concur—Tom, J. P., Wallach, Lerner and Buckley, JJ.