(December 14, 2006)

■ Stop & Shop Supermarket Company, Respondent-Appellant, v Vornado Realty Trust et al., Appellants-Respondents. [827 NYS2d 26]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 13, 2005, which denied defendants' motion for summary judgment dismissing the complaint and upon its counterclaims, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's predecessors in interest entered into a number of leases for space in shopping centers owned by defendant and counterclaim plaintiff Vornado Realty Trust or entities affiliated with it. One of plaintiff's predecessors subsequently effected a corporate reorganization, a consequence of which was the assignment of the subject leases to certain of plaintiff's affiliates, including Bradlees-New Jersey Inc. Thereafter, Vornado and some of its affiliates, as landlords, entered into a master agreement and guaranty with Bradlees-New Jersey, as tenant, and a predecessor of plaintiff and certain of its affiliates, as guarantors, which provided, inter alia, for annual rental increases and afforded Vornado the right to reallocate rent increases from one to another lease covered by the agreement. Bradlees subsequently filed for bankruptcy protection, and in that proceeding the Bradlees debtors and Stop & Shop, among other parties, successfully sought to invalidate certain of the lease provisions as anti-assignment clauses prohibited by 11 USC § 365. Vornado appealed and the District Court, Southern District of New York, although affirming in part, reversed the Bankruptcy Court to the extent of holding that neither the debtors nor plaintiff would have the power to reallocate rent increases and that, as Vornado had requested, the rent increase allocations would remain frozen. Notwithstanding the subsequent expiration of the five leases to which the rental increases had been allocated, Vornado advised plaintiff that it was exercising its right to reallocate the rental increase associated with those locations. Plaintiff refused to comply with such notice and, instead, commenced this action, seeking a declaration that pursuant to the order of the District Court, the rental increases were frozen to the allocated leases and that Vornado could not, therefore, reallocate them to other leases, with the consequence that plaintiff's obligation for rent increases ceased following the expiration of the allocated leases. The Vornado defendants counterclaimed for, in part, the entire amount of the rental increases, following which they moved for summary judgment dismissing the complaint and upon their counterclaims, while

plaintiff cross-moved for summary judgment. The motion court denied both the motion and the cross motions.

The motion court properly held that the issue of whether plaintiff's guaranty remains enforceable, notwithstanding the absence of an underlying obligation on the part of the primary obligor, cannot be determined on the basis of the current submissions and in the absence of discovery, particularly with respect to whether the freezing of the rent increases was attributable to actions taken by Vornado rather than the bankruptcy proceeding itself. The court also correctly concluded that Vornado had not demonstrated its right to summary judgment on the ground of judicial and/or collateral estoppel. While the doctrine of judicial estoppel bars a party who took a certain position in a prior legal proceeding, and who secured a favorable judgment, from assuming a contrary position in another action simply by reason of a change in interests (*see Gale P. Elston, P.C. v Dubois*, 18 AD3d 301, 303 [2005]), plaintiff, in the bankruptcy proceedings, never represented that it would pay all of the rent increases beyond the expiration of the leases to which they had been allocated. Moreover, the cited statements made by plaintiff's counsel to the Bankruptcy Court were simply legal argument(s) and as such not proper predicates for judicial estoppel (*see Matter of Excelsior 57th Corp. [Kern]*, 218 AD2d 528, 529-530 [1995]). Nor does the doctrine of collateral estoppel avail Vornado, since the issue of plaintiff's obligation to pay rental increases following the expiration of the allocated leases was not briefed, argued or considered before the Bankruptcy or District Court (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ. [*See* 10 Misc 3d 1062(A), 2005 NY Slip Op 52078(U) (2005).]