■ MUNICIPAL HIGH INCOME FUND, INC., et al., Appellants, v GOLDMAN, SACHS & CO. et al., Respondents. (And a Third-Party Action.) [863 NYS2d 666]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 20, 2007, which denied plaintiffs' motion to dismiss defendants' statute of limitations defenses, unanimously affirmed, with costs.

After the Circuit Court of Wayne County, Michigan, dismissed a prior action without prejudice to plaintiffs commencing an action in New York, on the ground that New York was a more convenient forum than Michigan, plaintiffs took an appeal in Michigan and instituted this action in New York. Plaintiffs now seek dismissal of defendants' statute of limitations defenses in the New York action on the ground that defendants' successful forum non conveniens argument in the Michigan action presupposed the availability of a New York forum and therefore judicially estops them from asserting the statute of limitations as a defense.

Dismissal of the statute of limitations defense is not warranted. The Michigan appellate court, in affirming the dismissal of the Michigan action on the ground of forum non conveniens did not condition that dismissal on defendants' waiver in the New York action of any statute of limitations defenses and knew that defendants were asserting that plaintiffs' claims in the New York action were time-barred. In addition, defendants consistently maintained in the Michigan action, as well as the New York action, that plaintiffs' claims were time-barred under the New York statute of limitations as well as Michigan's (*see Gale P. Elston, P.C. v Dubois*, 18 AD3d 301, 303 [2005] [to be precluded under doctrine of judicial estoppel, position in subsequent action must be contrary to position successfully taken in prior proceeding]). Although the Michigan Court of Appeals deemed the issue of timeliness under the New York statute abandoned due to defendants' "fail[ure] to brief this argument with citation to appropriate authority," and, on the basis of this abandonment, the Michigan appellate court "assume[d]" the availability of a New York forum, this abandonment of the New York statute in the Michigan action is not a waiver, i.e., a clear, unmistakable, intentional relinquishment (*see Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd.*, 7 NY3d 458, 465 [2006]), of the New York statute in the New York action. We note that plaintiffs, while acknowledging the availability of a New York forum and

the applicability of the New York statute of limitations, never requested the Michigan appellate court to condition any forum non conveniens dismissal on a statute-of-limitations waiver. Concur—Gonzalez, J.P., Buckley, Moskowitz, Renwick and DeGrasse, JJ.