**Gerard MURO, Plaintiff–Appellant,**

v.

**UBS FINANCIAL SERVICES, INC., Defendant–Appellee.**

**No. 08–3125–cv.**

United States Court of Appeals, Second Circuit.

Sept. 8, 2009.

Dan Brecher (Edward F. Westfield, on the brief), Law Office of Dan Brecher, New York, NY, for Appellant.

Julian W. Wells (Jon D. Kaplon, Director, Associate General Counsel, UBS Financial Services Inc., Weehawken, NJ, of Counsel, on the brief), Riker, Danzig, Scherer, Hyland & Perretti, New York, NY, for Appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Gerard Muro challenges a May 30, 2008 judgment of the District Court dismissing his suit against defendant-appellee UBS Financial Services, Inc. ("UBS") for breach of contract and breach of fiduciary duty. On appeal, plaintiff argues that in a May 21, 2008 order the District Court erred in holding

that (1) there was no agreement between the parties to extend the six year statute of limitations governing plaintiff's breach of contract claim under New York law, *see* N.Y. C.P.L.R. § 213; (2) the putative agreement between the parties to extend the statute of limitations was void because it was not in writing; and (3) neither judicial estoppel nor equitable estoppel prevented UBS from raising the statute of limitations defense. We assume the parties' familiarity with the facts and procedural history of the case.

We hold that the District Court did not err in dismissing plaintiff's complaint. First, far from evincing an agreement between the parties that UBS would waive its statute of limitations defense, the agreement entered into between the parties upon dismissal of Muro's arbitration proceeding provided "UBS does not waive any defense based on the statute of limitations." J.A. 42 (Trans. of Arbitration Proc.). Second, in any event, the District Court correctly held that any purported agreement by UBS to waive a statute of limitations defense was not enforceable because it was not in writing. *See John J. Kassner & Co. v. City of New York,* 46 N.Y.2d 544, 551, 415 N.Y.S.2d 785, 389 N.E.2d 99 (1979) (observing that New York law "requires that the agreement or promise 'to waive, to extend, or not to plead the statute of limitation' be in writing and signed by the promisor 'after the accrual of the cause of action'"). Third, the doctrine of equitable estoppel does not apply in this case because there is no evidence that plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Simcuski v. Saeli,* 44 N.Y.2d 442, 448–49, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978). Finally, Muro argues for the first time on appeal that judicial estoppel should pre-

vent UBS from "arguing inconsistent positions to the arbitrators and the District Court regarding the tolling effect of the Arbitration filing." Appellant's Br. 19. Generally, we will not consider an argument raised for the first time on appeal, unless "necessary to avoid manifest injustice or where the argument presents a question of law and there is no need for fact-finding." *Sniado v. Bank Austria AG,* 378 F.3d 210, 213 (2d Cir.2004). Were we to address the issue, we note that it is well established under New York law that judicial estoppel "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed." *Gale P. Elston, P.C. v. Dubois,* 18 A.D.3d 301, 795 N.Y.S.2d 33, 35 (1st Dep't 2005); *see Warnecke v. Warnecke,* 12 A.D.3d 502, 784 N.Y.S.2d 631, 633 (2d Dep't 2004); *see also Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 98 (2d Cir.1997). There simply is no inconsistency between UBS's position in the arbitration proceeding and its position in this case.

Substantially for the reasons stated by the District Court in its thoughtful and careful order of May 21, 2008, the May 30, 2008 judgment of the District Court is AFFIRMED.