1590 Lexington LLC, Petitioner-Landlord-Appellant, 
against
1590 Corp. d/b/a All Washed Up, Respondent-Tenant-Respondent.



Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Alexander M. Tisch, J.), entered January 26, 2016, which denied its motion to strike certain affirmative defenses and counterclaims in a commercial nonpayment summary proceeding.




Per Curiam.
Order (Alexander M. Tisch, J.), entered January 26, 2016, insofar as appealed from, reversed, without costs, and landlord's motion to strike the first, second, fifth and seventh through eleventh affirmative defenses, and first through fourth counterclaims, is granted.
Civil Court should have granted landlord's motion to dismiss the commercial tenant's affirmative defenses and counterclaims. The written rent demand satisfied the requirements of RPAPL § 711(2) by affording tenant notice of the alleged amount due and the period for which such claim was made (see Brusco v Miller, 167 Misc 2d 54 [1995]). Furthermore, the building was constructed prior to 1929 and was thus exempt from certificate of occupancy requirements (see Multiple Dwelling Law § 301[1], [2]).
Tenant waived its objections to service of the notice of petition and petition by asserting counterclaims unrelated to landlord's claim for rent (see Textile Tech. Exch. v Davis, 81 NY2d 56, 58-9 [1993]). Nor was landlord's claim for rent barred by the doctrines of laches, unclean hands, waiver and/or estoppel, which were pleaded as bare legal conclusions without any factual basis (see Robbins v Growney, 229 AD2d 356 [1996]).
The defense/counterclaim for an abatement based on constructive or actual eviction from the subject premises as a result of a vacate order issued by the New York City Department of Buildings is without merit. The "partial" vacate order encompassed residential apartments located on the fourth, fifth and sixth floors, several floors above tenant's ground floor space, and did not require tenant to vacate the building. Nor did tenant allege any abandonment of the leased premises.
Finally, the second counterclaim for breach of the covenant of quiet enjoyment is also without merit. Landlord's covenant for quiet enjoyment was made in consideration of the tenant's covenant to pay rent, and the tenant cannot recover damages for an eviction, based upon a breach of the covenant of quiet enjoyment, if the tenant has failed to pay rent (see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117, 121 [1958]; 2 Dolan, Rasch's Landlord and Tenant — [*2]Summary Proceedings § 27:5 at 315 [4th ed 1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 14, 2016