Pantigo Professional Center, LLC, Respondent,
against
George Stankevich, Appellant.




George Stankevich, appellant pro se.
Matthews, Kirst & Cooley, PLLC (Brian E. Matthews of counsel), for respondent.

Appeal from a final judgment of the Justice Court of the Town of East Hampton, Suffolk County (Steven Tekulsky, J.), entered June 30, 2015. The final judgment, after a nonjury trial and a hearing on attorney's fees, awarded landlord possession and the sum of $11,990.49 in a nonpayment summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a final judgment dismissing the petition.
The rent demand in this commercial nonpayment proceeding seeks "the sum of $3,076.00, plus any accrued interest and late penalties for monies due and owing to Landlord as additional rent under the Lease relating to Tenant's failure to make full and timely payments for all common charges and utilities, including, without limitation, charges for heat, relating to Tenant's use of the premises." After the proceeding was commenced, tenant objected to the rent demand and to the petition on the ground that they failed to specify the type of utilities that are in dispute or the period for which they are in dispute. Tenant further requested, but did not receive, an itemization of the sums claimed. At trial, landlord's witness testified that tenant owed $2,103 for heating bills that landlord had paid on tenant's behalf and that the remaining amount was for "annual fees" that were related to utilities. Insofar as is relevant here, the witness also testified that tenant owed landlord $202.71 for water charges and $1,580.65 for snow plowing. The Justice Court granted landlord's application to conform the pleadings to the proof and held that landlord had not demonstrated that tenant was liable for the $3,076 initially claimed in the petition, but that he was liable for the water charges and snow plowing. Accordingly, the court awarded landlord possession and the sum of $1,791.36 [sic], plus a late fee of 10 percent, and scheduled an attorney's fee hearing, after which the court awarded landlord an additional $10,000. A final judgment awarding landlord possession and the sum of $11,990.49 was entered on June 30, 2015.
A proper rent demand is a statutory prerequisite to a nonpayment proceeding (RPAPL 711 [2]) and an element of a landlord's prima facie case (see Community Hous. Innovations, Inc. v Franklin, 14 Misc 3d 131[A], 2007 NY Slip Op 50050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). A rent notice must "set forth the approximate good faith amount of rent owed" (Dendy v McAlpine, 27 Misc 3d 138[A], 2010 NY Slip Op 50890[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see 542 Holding Corp. v Prince Fashions, Inc., 46 AD3d 309 [2007]) and fairly apprise the tenant of the periods for which rent is allegedly due and in what amounts (see 10 Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U], *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]; see also Brusco v Miller, 167 Misc 2d 54 [App Term, 1st Dept 1995]; Schwartz v Weiss-Newell, 87 Misc 2d 558 [Civ Ct, NY County 1976]). Here, the rent demand was not sufficiently specific, and, as tenant repeatedly called the court's attention to the inadequacy of the information provided by landlord, the petition should have been dismissed on that ground.
Accordingly, the final judgment is reversed and the matter is remitted to the Justice Court for the entry of a final judgment dismissing the petition. 
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2018