Audthan LLC as Net Lessee of Nick & Duke LLC, Owner, Petitioner-Landlord-Appellant,
against
Oltimdje Ouattara, Respondent-Tenant-Respondent, and "John Doe," "Jane Doe," Respondent-Undertenant.




Landlord, as limited by its brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated January 31, 2019, as denied its motion to dismiss tenant's fifth and eighth affirmative defenses and for summary judgment in a nonpayment summary proceeding.




Per Curiam.
Order (Kimon C. Thermos, J.), dated January 31, 2019, insofar as appealed from, modified to grant landlord partial summary judgment as to liability for rent due from October 12, 2015, to dismiss tenant's fifth and eighth affirmative defenses, and to remand the matter to Civil Court for an assessment of the rents owed by tenant and for entry of a final judgment accordingly; as modified, order affirmed, with $10 costs.
Tenant's fifth affirmative defense alleging lack of standing should have been dismissed. Tenant was judicially and collaterally estopped from challenging landlord's standing to maintain this summary proceeding, since tenant secured a judgment against landlord in a prior illegal lockout proceeding (see Gale P. Elston, P.C. v Dubois, 18 AD3d 301, 303 [2005]), and unsuccessfully litigated the issue of landlord's status as net lessee in Matter of Ouattara v New York State Div. of Hous. & Community Renewal, 2019 NY Slip Op 33195[U] [Sup Ct, NY County 2019]), of which we take judicial notice (see Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Jerome Prince, Richardson on Evidence § 2-209 [Farrell 11th ed 1995]). In any event, landlord established, via documentary proof, its status as net lessee (see RPAPL 721[10]).
Tenant's eighth affirmative defense should also have been dismissed. Landlord's written [*2]rent demand, which specified the amount of rent arrears allegedly due and the period during which such rent accrued, satisfied the requirements of RPAPL 711(2) and was a sufficient predicate for the maintenance of this nonpayment summary proceeding (see Brusco v Miller, 167 Misc 2d 54 [App Term, 1st Dept 1995]).
Landlord was also entitled to partial summary judgment as to liability. It is undisputed that tenant qualifies as a permanent tenant of the subject hotel accommodation (see Rent Stabilization Code [RSC] [9 NYCRR] §§ 2520.6[j]; 2522.5[a][2]), that DHCR fixed the rent at $340.52 per month, and that tenant has not paid any rent since mid October 2015. Contrary to tenant's claim, a statutory permanent tenant is required to pay the lawful rent, even in the absence of a written lease agreement (see Notice of Rights and Duties of Hotel Owners and Tenants, NY St Div of Hous & Community Renewal Advisory Op No. 87—2; RSC § 2522.5[c][2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 31, 2019