Audthan LLC as Net Lessee of Nick & Duke LLC, Owner, Petitioner-Landlord-Appellant,
against
Hamadou Guira, Respondent-Tenant-Respondent, and "John Doe," "Jane Doe," Respondent-Undertenant.




Landlord, as limited by its brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated January 31, 2019, as denied its motion to dismiss tenant's fourth and seventh affirmative defenses and for summary judgment in a nonpayment summary proceeding.




Per Curiam.
Order (Kimon C. Thermos, J.), dated January 31, 2019, insofar as appealed from, modified to grant landlord partial summary judgment as to liability for rent due from August 8, 2015, to dismiss tenant's fourth and seventh affirmative defenses, and to remand the matter to Civil Court for an assessment of the rents owed by tenant and for entry of a final judgment accordingly; as modified, order affirmed, with $10 costs.
Tenant's fourth affirmative defense alleging lack of standing should have been dismissed. Tenant was judicially estopped from challenging landlord's standing to maintain this summary proceeding, since tenant secured a judgment against landlord in a prior illegal lockout proceeding (see Gale P. Elston, P.C. v Dubois, 18 AD3d 301, 303 [2005]). In any event, landlord established, via documentary proof, that it is the net lessee of the hotel and therefore had standing to maintain this proceeding (see RPAPL 721[10]). We also take judicial notice of Matter of Ouattara v New York State Div. of Hous. & Community Renewal, 2019 NY Slip Op 33195[U] [Sup Ct, NY County 2019]), where the Court upheld DHCR's determination that landlord was the net lessee of the hotel with standing to maintain a DHCR proceeding (see Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Jerome Prince, Richardson on Evidence § 2-209 [Farrell 11th ed [*2]1995]).
Tenant's seventh affirmative defense should also have been dismissed. Landlord's written rent demand, which specified the amount of rent arrears allegedly due and the period during which such rent accrued, satisfied the requirements of RPAPL 711(2) and was a sufficient predicate for the maintenance of this nonpayment summary proceeding (see Brusco v Miller, 167 Misc 2d 54 [App Term, 1st Dept 1995]).
Landlord was also entitled to partial summary judgment as to liability. It is undisputed that tenant qualifies as a permanent tenant of the subject hotel accommodation (see Rent Stabilization Code [RSC] [9 NYCRR] §§ 2520.6[j]; 2522.5[a][2]), that DHCR fixed the rent at $226.90 per month, and that tenant has not paid any rent since August 2015. Contrary to tenant's claim, a statutory permanent tenant is required to pay the lawful rent, even in the absence of a written lease agreement (see Notice of Rights and Duties of Hotel Owners and Tenants, NY St Div of Hous & Community Renewal Advisory Op No. 87—2; RSC § 2522.5[c][2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 31, 2019