Kassel v Kassel (2022 NY Slip Op 01392)





Kassel v Kassel


2022 NY Slip Op 01392


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Index No. 350018/11 Appeal No. 15416-15417 Case No. 2021-00063 2021-00088 

[*1]Deborah Kassel, Plaintiff-Appellant,
v
Richard Kassel, Defendant-Respondent. 


Karfenist Kraut & Perlstein LLP, Lake Success (Steven J. Harfenist of counsel), for appellant.
The Virdone Law Firm, P.C., Westbury (John Virdone of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered December 10, 2020, which granted defendant father's motion to renew his motion for an order directing sale of the parties' former marital apartment, and upon renewal granted the motion, unanimously reversed, on the law and facts, without costs, and the motion for an order directing the sale of the parties' former marital apartment denied. Appeal from order, same court and Justice, entered December 21, 2020, which denied plaintiff mother's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order, and insofar as it denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic.
Upon a review of the record, we find that the mother never argued before Family Court that the father was not entitled to a downward modification of his support obligations because he would have access to his share of the net proceeds from the sale of the former marital apartment upon their child's emancipation when she turned twenty-one. The parties' stipulation of settlement and agreement dated February 26, 2013 sets forth that the child would be emancipated when she turned twenty-one, or upon her "completing a continuous four-year course of study at an accredited college, if [the child] is still a full-time student on the date of her twenty-first birthday," at which time the apartment would be sold. The issue of the child's emancipation date was never raised and litigated before Family Court. The Support Magistrate's assumption that the child's emancipation would occur on her 21st birthday was not premised on arguments or assertions made by the mother in that proceeding. Thus, the court erred by directing the sale of the former marital apartment before the child's emancipation based on estoppel (see generally Gale P. Elston, P.C. v Dubois, 18 AD3d 301, 303 [1st Dept 2005] [judicial estoppel]; Matter of Juan C. v Cortines, 89 NY2d 659, 667-668 [1997] [collateral estoppel]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022